**Robert J. McCARTHY,**
**Petitioner-Appellee,**

v.

**John MANSON, Commissioner of Corrections of the State of Connecticut,**
**Respondent-Appellant.**

**No. 1257, Docket 83–2001.**

United States Court of Appeals,
Second Circuit.

Argued May 16, 1983.

Decided Aug. 9, 1983.

John M. Massameno, Asst. State's Atty., Div. of Criminal Justice, Wallingford, Conn., for respondent-appellant.

Robert L. Holzberg, University of Connecticut School of Law, Legal Clinic, West Hartford, Conn. (Michael R. Sheldon, University of Connecticut School of Law, Legal Clinic, West Hartford, Conn., of counsel), for petitioner-appellee.

Before MANSFIELD, MESKILL and KEARSE, Circuit Judges.

PER CURIAM:

John R. Manson, Commissioner of Corrections for the State of Connecticut (Commissioner), appeals from the judgment of the United States District Court for the District of Connecticut, Cabranes, *J.*, granting by consent decree Robert J. McCarthy's petition for a writ of habeas corpus.

Affirmed.

## BACKGROUND

Petitioner Robert J. McCarthy was arrested on April 5, 1975 in Norwalk, Connecticut and charged with murder and attempted murder. McCarthy pleaded not guilty to the charges and elected to be tried by a jury. Although his trial was originally scheduled for July 10, 1975, it was delayed at the request of the state until November 3, 1976—some nineteen months after McCarthy's arrest.

Petitioner was incarcerated throughout the nineteen month period and requested on several occasions that he receive a speedy trial. McCarthy filed a speedy trial motion on August 28, 1975 and, after that motion was denied, he filed at least three additional motions seeking dismissal of his case on constitutional speedy trial grounds. The state trial judge denied each of these mo-

tions. After his first trial ended in a mistrial, McCarthy was retried on January 11, 1977. The jury returned a guilty verdict three weeks later and the judge sentenced McCarthy to concurrent terms of ten to twenty years on the attempted murder charge and twenty five years to life on the murder charge. *See McCarthy v. Manson*, 554 F.Supp. 1275, 1280 (D.Conn.1982).

McCarthy subsequently appealed to the Connecticut Supreme Court, claiming among other things that his constitutional right to a speedy trial had been violated. After his conviction was affirmed by that court, *see State v. McCarthy*, 179 Conn. 1, 425 A.2d 924 (1979), McCarthy petitioned for habeas corpus relief in the United States District Court for the District of Connecticut. His case was assigned to Magistrate Eagan for a hearing and recommended decision pursuant to 28 U.S.C. § 636(b)(1)(B) (Supp. V 1981).

Magistrate Eagan filed his proposed findings of fact and recommended decision on October 29, 1981. In his opinion, the magistrate found that petitioner had exhausted available state remedies with respect to his speedy trial claim and that his constitutional right to a speedy trial had been violated by the actions of the state. Applying the *Barker v. Wingo* test, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the magistrate held that (1) the nineteen month delay was "presumptively prejudicial;" (2) McCarthy had vigorously and timely sought a speedy trial; (3) there was no justifiable explanation for the delay; and (4) McCarthy's substantive rights were materially prejudiced by the delay. *See* 554 F.Supp. at 1299–1309. The magistrate recommended that the writ of habeas corpus be granted and that McCarthy be released from prison.

The state did not object to the magistrate's recommended decision. Under the federal statute, 28 U.S.C. § 636(b)(1) (Supp. V 1981), and rules of procedure governing federal habeas corpus cases, Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts, objections must be filed within ten days of service of a magistrate's recommended decision. Rule 2, Local Rules for Magistrates of the United States District Court for the District of Connecticut, provides that objections must be submitted within fifteen days after the filing of the recommended decision.

Judge Cabranes did not act on the recommended decision of the magistrate immediately upon the expiration of the "objection period." *See* 28 U.S.C. § 636(b)(1) (Supp. V 1981). McCarthy subsequently filed a motion on December 10, 1981 seeking immediate review and acceptance of the recommended decision. Judge Cabranes scheduled a hearing for January 13, 1982 to consider that motion.

At the hearing, the Assistant State's Attorney for the Judicial District of Fairfield, acting as duly authorized counsel for the Commissioner, conceded that McCarthy's constitutional right to a speedy trial had been violated.[1] Counsel agreed that McCarthy should be released from prison and, consistent with the express wishes of both parties, Judge Cabranes entered judgment in favor of McCarthy on January 18, 1982. An amended judgment was entered on January 19, 1982 for the sole purpose of "stating with particularity that the judgment was entered at the urging" of both parties. 554 F.Supp. at 1283. No appeal was taken from either judgment.

On January 26, 1982—eighty-nine days after the magistrate's recommended decision and eight days after judgment was entered—the Office of the Chief State's

---

1. Appellate counsel suggested at oral argument that trial counsel did not "really" concede that a constitutional violation had occurred, but rather agreed to entry of judgment in favor of petitioner for a variety of prudential reasons. Indeed, the Assistant State's Attorney advised the Court:

> ... I agree that, on the basis of his finding of fact, on the basis as it is written in the opinion, that the conclusion that Mr. McCarthy's rights to a speedy trial were violated is

> something that I really don't want to contest in this court or in a higher court. It is something that I accept.

J.App. at 322. *See also* 554 F.Supp. at 1282. Moreover, appellate counsel assured us upon argument of this appeal that the State of Connecticut would not agree to allow a convicted murderer to be set free unless it was fully convinced that his constitutional rights had been abridged.

Attorney for the State of Connecticut filed a motion to open and amend judgment pursuant to Fed.R.Civ.P. 59(e). The state argued that McCarthy had failed to exhaust his speedy trial claim in state court because he introduced new and material evidence for the first time in federal court. The state further claimed that trial counsel was not empowered to waive the exhaustion requirement and hence the district court erred by failing to undertake *de novo* review of that issue.

Judge Cabranes denied this motion on December 3, 1982, holding that the state had waived its right to raise the exhaustion issue by failing to object to the magistrate's recommended decision and by consenting to entry of judgment in favor of McCarthy. *See McCarthy v. Manson,* 554 F.Supp. 1275, 1275–93 (D.Conn.1982). This appeal followed.

### DISCUSSION

█ The sole issue is whether the district court erred by denying the state's Rule 59(e) motion to open and amend judgment. That decision is, of course, committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. Fed.R.Civ.P. 59(e); *see Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77, 78 (3d Cir.1982); 6A J. Moore, Moore's Federal Practice ¶ 59.15[4] (2d ed. 1983). In this case, Judge Cabranes exercised commendable restraint in allowing the state every opportunity to challenge the magistrate's recommended decision. Even though the objection period had expired, the judge held a hearing in January 1982 to ascertain whether the state fully understood the legal implications of its failure to object to the magistrate's recommended decision. Experienced counsel for the state conceded at the January hearing

that McCarthy's constitutional right to a speedy trial had been violated and agreed that he should be released. Indeed, judgment was entered in favor of McCarthy "at the urging" of the state. *See* 554 F.Supp. at 1283.

█ When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.[2] *See John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 588 F.2d 24, 29–30 (2d Cir.1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). Judge Cabranes thoroughly examined the legal underpinnings of the waiver rule in his December 1982 ruling, *see* 554 F.Supp. at 1286–88, and since we are in full agreement with the district judge's views on that subject, no useful purpose would be served by further elaboration. Judge Cabranes correctly concluded that the state's failure to object to the recommended decision of the magistrate bars collateral relief under Rule 59(e).

We also agree that the state's consent to judgment bars collateral relief under Rule 59(e).[3] Justice Cardozo's admonition bears repeating: "Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned." *United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932). Experienced counsel for the state knowingly and voluntarily consented to the entry of judgment in favor of McCarthy and no new or unforeseen conditions have been shown. Judge Cabranes properly denied appellant's Rule 59(e) motion on this alternative ground.

The state argues that its failure to object to the magistrate's recommended decision

---

**2.** This general rule is subject to one limitation which is not relevant here. Even though no objection is made, the district judge may reject or modify the magistrate's decision. *Mathews v. Weber,* 423 U.S. 261, 271, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). If the magistrate's decision is rejected or substantially modified, the parties may object to all or part of that judgment and hence preserve specific issues for appeal.

**3.** In light of the state's acceptance of the magistrate's conclusion that McCarthy's right to a speedy trial was violated, *see* note 1, *supra,* we need not decide whether the district court has jurisdiction under 28 U.S.C. § 2254 (1976) to vacate a state court judgment and discharge a state prisoner absent a conclusion that his custody violates federal law. *See Daye v. Attorney General,* 712 F.2d 1566, 1571 (2d Cir. 1983).

and its consent to judgment were both ineffective because the district court failed to undertake *de novo* review of the exhaustion issue. The state's argument is premised on the view that since a prosecutor's interest in exhaustion may at times diverge from the interests of the state judiciary, the prosecutor should not be permitted to waive the judiciary's important interest. Thus, for example, if a prosecutor could obtain a precedent or resolution of an important issue more expeditiously through federal habeas corpus review, he might waive exhaustion notwithstanding the interests of the state judiciary in resolving the issue presented. The state argues that the exhaustion doctrine promotes comity by safeguarding the integrity of the state judiciary and that the federal courts would undermine the doctrine if prosecutors were permitted to waive exhaustion.

This "waiver" issue has spawned much litigation and the courts have expressed varying views on this subject. *Compare Houston v. Estelle,* 569 F.2d 372, 375–76 (5th Cir.1978) (exhaustion may be waived), and *Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 (4th Cir.1971) (per curiam) (same), *with Davis v. Campbell,* 608 F.2d 317, 320 (8th Cir.1979) (per curiam) (no inadvertent waiver of exhaustion), and *United States ex rel. Trantino v. Hatrack,* 563 F.2d 86, 95–97 (3d Cir.1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978). Judge Cabranes acknowledged the conflicting precedent, but concluded that given the unusual institutional relationship in Connecticut between the state prosecutor and state judiciary, concerns over waiver of exhaustion were unwarranted. The judge pointed out that the Office of the Chief State's Attorney in Connecticut is an integral part of the state judicial branch and, as an arm of the judicial department, that office presumably would be responsive to the exhaustion concerns of the state judiciary. Moreover, the judge intimated that since the judicial department was empowered to hire, reprimand and fire state's attorneys, any

4. Judge Cabranes also intimated without deciding that the state's Rule 59(e) motion could be dismissed on narrow procedural grounds because the motion was not properly served with-

unwarranted waiver of exhaustion could be met with disciplinary action or other corrective measures.

Although we agree that the state prosecutor could and did waive exhaustion in this case, we base our decision on grounds different from those advanced by the district court. We hold that when the state fails to object to the recommended decision of the magistrate, consents to the entry of judgment in favor of petitioner and engages in unwarranted dilatory conduct, it is foreclosed from using the exhaustion doctrine to shield itself from the legal consequences of its actions. *See Colon v. Fogg,* 603 F.2d 403, 405 & n. 1, 406–07 (2d Cir.1979); *United States ex rel. Graham v. Mancusi,* 457 F.2d 463, 467–68 (2d Cir. 1972).[4]

The judgment of the district court is affirmed.

in ten days after entry of judgment. *See* 554 F.Supp. at 1284–85 & n. 9. In view of our disposition here, we need not consider this issue.