**Janet M. WESOLEK as Administratrix of the Estate of Chester S. Wesolek and Janet M. Wesolek, Individually, Plaintiff–Appellant,**

**v.**

**CANADAIR LIMITED and Canadair Challenger Marketing, formerly known as Canadair Inc., Defendants–Appellees.**

No. 223, Docket 87–7395.

United States Court of Appeals, Second Circuit.

Argued Sept. 25, 1987.

Decided Jan. 27, 1988.

Jerry Slater, New York City (Kreidman and Slater, New York City, on the brief), for plaintiff-appellant.

Richard J. Kenny, Hartford, Conn. (Jack G. Steigelfest, Howard, Kohn, Sprague & FitzGerald, Hartford, Connecticut, James J. Finnerty, Jr., Mendes & Mount, New York City, on the brief), for defendants-appellees.

Before LUMBARD, OAKES and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Janet M. Wesolek ("Wesolek"), suing individually and as administratrix of the estate of her late husband Chester S. Wesolek ("Chester"), appeals from a final judgment entered in the United States District Court for the District of Connecticut, T.F. Gilroy Daly, *Chief Judge*, dismissing her complaint for damages in connection with Chester's death in the crash of an airplane manufactured and marketed by defendants. The district court, adopting the recommendations of United States Magistrate Joan Glazer Margolis, granted defendants' motion for summary judgment dismissing the complaint on the ground that the action was barred by the substantive law of Quebec and by the statutes of limitations of Quebec or other jurisdictions whose laws might govern. Wesolek contends that the action is properly governed by Connecticut law and is both maintainable and timely under that law. Defendants contend that Wesolek waived her right to appeal the court's adoption of the magis-

trate's recommendations because she failed to object in a timely fashion, and that, in any event, the magistrate's recommendations were correct. For the reasons below, we affirm the judgment of the district court.

## BACKGROUND

The following facts are not in dispute. In 1976, defendant Canadair Limited ("Canadair"), a Canadian aircraft manufacturer whose principal place of business was in Quebec, agreed to sell a Challenger airplane (the "aircraft") to Jim Walter Corporation ("JWC"); JWC eventually assigned its interest in the sales contract to Chester's employer, Staley Manufacturing Company ("Staley"), an Illinois corporation headquartered in Illinois. The sales contract called for delivery at Canadair's Quebec facility and provided that the agreement was to be governed by Quebec law.

The aircraft was delivered to Staley in Quebec in January 1982. In January 1983, Chester co-piloted the aircraft on a training mission from Illinois to Idaho, where the aircraft crashed and Chester was killed.

In December 1985, Wesolek, a resident of New York, commenced the present action in the district court in Connecticut against Canadair and its subsidiary, defendant Canadair Challenger Marketing Inc. ("Challenger Marketing"), asserting four causes of action for the wrongful death of Chester, based on breach of warranty, negligence, strict liability, and willful and reckless conduct, and one cause of action for loss of consortium. Defendants moved to dismiss on various grounds, and their motion was eventually treated as one for summary judgment.

Defendants contended principally that the controversy was to be governed by the laws of Idaho, the site of the accident, and that under Idaho law an administratrix has no right to sue for wrongful death. Wesolek argued that the substantive law of Connecticut should be applied because (1) Challenger Marketing had its principal place of business in Connecticut; (2) at some point before JWC's assignment to Staley, representatives of JWC, Staley, and Challenger Marketing had held a meeting at Sikorsky Airport in Bridgeport, Connecticut; and (3) after delivery to Staley, the aircraft made its entry into the United States at Bradley Airport in Windsor Locks, Connecticut.

After receiving further briefing on the conflict-of-laws question and on the laws of Idaho and Quebec, the magistrate to whom defendants' motion was referred recommended the dismissal of the complaint. She determined that Connecticut's conflict-of-laws principles required the application of the laws of Quebec, as the jurisdiction having the most significant relationship to the controversy. She found that Quebec law did not permit an action for loss of consortium or an action by an administratrix for wrongful death, and that in any event the suit was barred under the Quebec one-year statute of limitations. The magistrate also concluded that if the laws of Idaho or Connecticut, rather than of Quebec, were applicable, the action would be barred by the pertinent statutes of limitations.

The magistrate's report was filed on March 11, 1987. The end of the report bore the following legend:

> See 28 U.S.C. Section 636(b); F.R.Civ. P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

The provisions cited provide that a party may object to a magistrate's report by filing objections within 10 days of being served with the report. Wesolek did not file objections to the report. Rather, her attorney, Jerry Slater, mailed to Chief Judge Daly's chambers a motion dated April 3, which arrived on April 8, requesting a "seven-day" extension of time to file objections. The motion stated that Slater had been in Florida when the magistrate's report was received in his office, that his partner had only "limited familiarity" with defendants' motion to dismiss, and that Slater had been occupied with other business since his return from Florida. Chief Judge Daly denied the request on the ground that it was untimely and that it failed to comply with Local Rule 9(a)(2), which requires that all motions be filed with the clerk of the court.

Having denied the requested extension, the court noted that there had been no proper or timely objection to the magistrate's report and it adopted the magistrate's recommendations. Judgment was entered dismissing the complaint. This appeal followed.

### DISCUSSION

■ The granting or denial of a motion to extend the time for objection to a magistrate's recommendations lies within the discretion of the district court. *See* Fed.R. Civ.P. 6(b). If such a motion is made after the expiration of the deadline for objections, the movant is required to show that "the failure to act was the result of excusable neglect." *Id.* Wesolek's motion was deficient in several respects. First, as indicated by Chief Judge Daly, it was not lodged with the clerk of the court as was required by Local Rule 9(a)(2) and hence was never "filed" as required by Fed.R.Civ. P. 5(d) and (e). Second, the motion was not received by Chief Judge Daly until long after the deadline for objections had passed and was woefully lacking in any acceptable explanation for the failure to act earlier. Although the motion recited that Slater had been in Florida, it did not state that he had been unaware either of the receipt of the magistrate's report or of the statutory provision and rules requiring any objection to be filed within 10 days. Although the motion stated that Slater's partner had "limited familiarity" with defendants' motion to dismiss, it did not state that he was not aware of the deadline for objections. The motion did not reveal just when Slater had returned to his office, whether before or after the expiration of the 10–day period; and its statement that Slater had, upon his return, attended to motions and other proceedings in other cases did not indicate that his neglect of this case was excusable. Finally, the request itself appears to have been disingenuous, as it purported to seek a "seven-day" extension at a time when the 10–day deadline was already more than seven days past.

In the circumstances, we find no abuse of discretion in the district court's denial of Wesolek's motion for more time to present objections. Accordingly, since Wesolek filed no objections, and Local Rule 2 provided that "[a]bsent such objections, · the Judge ultimately responsible may forthwith endorse acceptance of the proposed decision," Chief Judge Daly's adoption of the magistrate's recommendations was procedurally proper.

■ In light of Wesolek's failure to file objections in the district court, she has no right to seek review of the merits of that court's adoption of the magistrate's recommendations, for we have adopted the rule that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983) (footnote omitted); *see John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 588 F.2d 24, 29–30 (2d Cir.1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). Such a rule has been found permissible under both the Federal Magistrates Act, 28 U.S.C. § 636 (1982 & Supp. III 1985), and the Due Process Clause of the Constitution, and has been held a reasonable exercise of the court's supervisory powers in the promotion of the efficient use of judicial resources. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985).

■ We have been presented with no sound reason to relax our rule in the present case. We note that it would be preferable for a magistrate's report to set forth the substance of the objection requirements. The *Thomas v. Arn* Court quoted with approval the "clear notice" given by the following legend:

> ANY OBJECTIONS ·to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order....

474 U.S. at 144, 106 S.Ct. at 469. There was plainly, however, no problem of lack of notice in the present case. The rule established in *McCarthy v. Manson* had been in effect for several years. The magistrate's report directed the parties to the most pertinent rules and statutory provision, all of which set forth the 10–day time limit for

the filing of objections. And at oral argument of this appeal, Slater conceded that he had been aware of these 10-day provisions.

 Finally, our abbreviated review of the substance of the decision below persuades us that the magistrate's conclusion that Wesolek's action was barred, either by the laws of Quebec or by some other applicable statute of limitations, was not clearly wrong. Accordingly, we cannot see that the interests of justice require that Wesolek be relieved of the consequences of the default, and we decline to conduct a plenary review of the merits of the choice-of-law arguments she presses in this Court.

## CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing the complaint is affirmed.