470

Robert BANKS, Petitioner,

v.

James CHARLES, Superintendent, New York State Correctional Department, Respondent.

No. CIV–85–1540E.

United States District Court, W.D. New York.

Sept. 27, 1989.

Robert Banks, pro se.

Louis Haremski, Erie County Dist. Attorney's Office Buffalo, N.Y., for respondent.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is a Petition for a writ of habeas corpus for relief from state custody. *See* 28 U.S.C. § 2254. It had been referred pursuant to 28 U.S.C. § 636(b)(1)(B) to United States Magistrate Edmund F. Maxwell, and he has recommended in his Report and Recommendation dated October 14, 1987 that the Petition be denied. As objections have been filed, this Court will conduct a *de novo* review.[1] *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed.R.Civ.P. rule 72(b).

The petitioner is attacking his 1975 New York conviction for the criminal sale of a controlled substance in the third degree, the sentence for which he has completely served. He is currently incarcerated pursuant to later convictions for which he was sentenced as a repeat felony offender to a term of not less than four and one-half years and not more than nine years.

Section 2254 requires a petitioner to be "in custody in violation of the Constitution or laws or treaties of the United States." This requirement has been interpreted in the case law to mean that a petitioner must be in custody pursuant to the conviction or sentence under attack at the time his petition is filed. *Carafas v.*

---

1. The objections were filed March 22, 1989, some seventeen months following the filing and service of the Magistrate's Report and Recommendation. Timely objections are those filed within ten days of receipt of the Report and Recommendation but, inasmuch as the parties had not been advised at the outset that the failure to file timely objections or to request an extension of time waives the right to appeal a district court's confirming order, the parties were belatedly so advised and given until March 20, 1989 to file objections. Order, dated March 7, 1989. The petitioner's March 22nd objections were thus filed two days late. This Court will consider the objections nonetheless, inasmuch as it is not dispossessed of its authority to reject or to alter the Magistrate's decision. *McCarthy v. Manson,* 714 F.2d 234, 237 & fn. 2 (2d Cir. 1983). It would appear, however, that the petitioner has no right to a further appeal.

*LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). Complications arise where, as here, a petitioner is serving an enhanced sentence imposed under a state recidivist statute and has petitioned for habeas corpus relief asserting the invalidity of an earlier conviction the sentence for which has been fully satisfied.

The traditional rule had been that "a prior conviction may be invalidated upon federal habeas corpus review by a prisoner serving an increased sentence under a second-offender statute." *United States v. LaVallee,* 330 F.2d 303, 306 (2d Cir.) (en banc), *cert. denied,* 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964). Because the first conviction affects a subsequent conviction in that the term of incarceration for the latter is prolonged therefor, the courts had adopted a judicial fiction whereby the expired sentence imposed for the first conviction was deemed resurrected for purposes of satisfying the current "in custody" jurisdictional requirement of the habeas corpus statute. A "positive and demonstrable nexus" was considered to exist between the service of an enhanced sentence under a second offender statute and a constitutionally-suspect, priorly-served sentence. *Young v. Lynaugh,* 821 F.2d 1133, 1137 (5th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987).

Recently, the United States Supreme Court has supplanted this judicial fiction by a holding that a habeas corpus petitioner does not remain in custody "under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng v. Cook,* — U.S. —, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (*per curiam*). The Court observed that, "[w]hile we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present retraint from a conviction." *Ibid.* The Court, however, "express[ed] no view" regarding whether the prior conviction might "be subject to challenge" in an attack upon a subsequent sentence the prior conviction had been used to enhance, having cited to the laches provision governing the bringing of habeas corpus petitions attacking state sentences. *Id.,* 109 S.Ct. at 1927. Thus, it would appear that a priorly-served sentence remains open to attack insofar as it works to enhance a later sentence still being served, unless the petition were deemed unduly delayed under the doctrine of laches. *See* Rule 9(a) of the Rules Governing § 2254 Proceedings in the United States District Courts.

Because the respondent has not invoked laches in the present case, this court will construe the instant Petition to be a challenge to the petitioner's present sentence, for which he is "in custody," as enhanced by an allegedly unconstitutional prior conviction. Thus, the jurisdictional requirement under 28 U.S.C. § 2254 is deemed to have been met.

■ As grounds for relief, the petitioner alleges that his Fourteenth Amendment right to due process was violated when a prosecution witness who was involved in the narcotics sale leading to the petitioner's 1975 conviction testified falsely as to the dates of his employment with the Erie County Sheriff's Department. He says that the prosecutor was aware that the testimony was false and failed to correct it. He claims that the jury was thereby misled into believing that at the time of the narcotics sale the witness was a law enforcement agent and not a mere police informant and that the jury would have afforded less weight to the witness's testimony had they known the truth. This claim was exhausted in state court November 29, 1985 when the appellate division denied leave to appeal from an adverse ruling in the New York Supreme Court for the County of Erie.

It is well settled that "a state may not knowingly use false evidence, including false testimony, to obtain a tainted conviction," *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959), because the "jury's estimate of the truthfulness and reliability of a given witness

may well be determinative of guilt or innocence." *Ibid.* Thus, a conviction obtained through the use of false evidence known to be such by state representatives—*Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 341, 79 L.Ed. 791 *reh'g denied,* 294 U.S. 732, 55 S.Ct. 511, 79 L.Ed. 1261 (1935)—or which is allowed to go uncorrected when its invalidity later appears—*Alcorta v. Texas,* 355 U.S. 28, 31, 78 S.Ct. 103, 105, 2 L.Ed.2d 9 (1957) (per curiam)—is violative of the Fourteenth Amendment and must be vacated.

This Court has been made aware of no facts which would prompt the conclusion that the prosecutor actually knew the witness's testimony was false, and this Court cannot accept the proposition that the prosecutor should have known the testimony was false because the same witness testified differently in another case which had been handled by a different prosecutor some eight months earlier. Although, in a case such as this, where the date of the petitioner's arrest and the date of the informer's subsequent police employment were separated by a scant twenty-four hours, the Assistant District Attorney might, prudently, have undertaken to investigate the matter, his failure to do so is not sufficiently negligent to warrant a finding of a breach of a duty. In the absence of any indication of recklessness, it is simply too great a burden to expect that a prosecutor ascertain the veracity of every shred of testimony of every sheriff's department employee ever uttered into a criminal record.

Even if it were shown in this case that the prosecutor knew or should have known that the informer's testimony was false, it must also be shown that the resulting error was material. "[U]nless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." *Schneble v. Florida,* 405 U.S. 427, 432, 92 S.Ct. 1056, 1060, 31 L.Ed.2d 340 (1972). In such regard, this Court finds persuasive the reasoning of the state court which considered the claim:

"Whether [the witness] was employed by the Erie County Sheriff's Department on the date of the crime is immaterial to the proof of the commission of the elements of the heroin sale * * * Neither can it be said that if [the witness] were to testify correctly that he were not so employed that his credibility would be directly diminished." *People v. Banks,* Indict. No. 39,838 (S.Ct., Erie Co., October 5, 1985), at 3.

The jury could readily and reasonably have concluded that the petitioner participated with the witness in a drug transaction, based upon the witness's testimony of personal knowledge and involvement, regardless of the witness's status as a law enforcement officer and regardless of the jury's certitude as to such status. The courts need not "indulge assumptions of irrational jury behavior when a perfectly rational explanation for the jury's verdict * * * stares [them] in the face." *Schneble v. Florida, supra,* 405 U.S. at 431–432, 92 S.Ct. at 1059–60. This Court thus finds no "reasonable possibility" that the witness' incorrect testimony was prejudicial to the petitioner or material to the verdict.

Accordingly, it is hereby ORDERED that the Magistrate's Report and Recommendation is affirmed and that the Petition for writ of habeas corpus is dismissed.