**Hector LEON, Petitioner,**

v.

**Arthur LEONARDO, Superintendent, Great Meadow Correctional Facility, Respondent.**

**No. 88 Civ. 7125 (RPP).**

United States District Court, S.D. New York.

June 5, 1990.

Aubrey Lees, New York City, for petitioner.

Howard L. Perzan, Asst. Dist. Atty., New York City, for respondent.

ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Hector Leon, currently incarcerated at the Comstock Correctional facility brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for murder in the second degree of his wife. On April 4, 1990, Magistrate James C. Francis IV issued a report and recommendation that Mr. Leon's application for a writ of habeas corpus be denied and the petition be dismissed. *See* Report and Recommendation of April 4, 1990 [hereinafter Report].

Petitioner's counsel has raised two objections to the Magistrate's Report. First, petitioner contests the statement, "Failure to file timely objections will preclude appellate review." Report at 20. The Report's statement is consistent with the Second Circuit's holding that

> we have adopted the rule that 'when a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.'

*Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir.1988) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)).

The only other objection to the Report is to the Magistrate's resolution of petitioner's claim that his rights to timely disclosure of favorable evidence were violated under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny. The alleged violation of *Brady* is based upon the prosecution's failure to disclose Detective Frank Connelly's report of an interview with petitioner's son Hector, an eyewitness to the murder, until during the testimony of Detective Connelly and after the testimony of Hector. The report indicated that Hector believed the motive for petitioner's attack was noise that Hector's home instruction teacher had been making which awoke and angered petitioner. Report at 8. That version of the events contradicts Hector's trial testimony that his father had started to beat his mother because petitioner had discovered

that she was seeing another man. Report at 7.

The Magistrate recommended against a finding of a *Brady* violation because petitioner's counsel was aware during Hector's trial testimony that Hector had testified earlier before the grand jury that the fight between his father and mother erupted as a result of his home study teacher making noise which woke and angered the petitioner. Report at 7, 16–17. Indeed, that grand jury testimony was introduced at trial in an effort to impeach Hector's trial testimony. Report at 7. The Magistrate also took into consideration that the trial judge offered petitioner's counsel the opportunity to recall Hector to the stand and "gave trial counsel leeway in examining Detective Connelly." Report at 8. Defense counsel declined these offers "as a matter of trial strategy." Report at 8.

The timeliness of disclosure is an important element in considering whether there was prejudice of constitutional proportions under the progeny of *Brady* and a police report is an important and persuasive document. The Magistrate's description of the circumstances of the late disclosure raises serious questions as to the degree which the late disclosure interfered with defense counsel's ability effectively to cross-examine Hector and possibly Detective Connelly, both of whom appear to have been key witnesses. Neither counsel has adequately briefed this issue. The Court has received a two page letter from each side without a single record cite. In the interest of justice, the Court hereby orders counsel for both sides to submit memoranda, within ten days of receipt of this order, articulating the degree of prejudice caused or not caused by the late disclosure as reflected in the record.

IT IS SO ORDERED.