The **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Citytrust, Plaintiff–Appellant,**

v.

**HILLCREST ASSOCIATES; Charles F. Stelljas; Jackie Chan; Thomas J. Scozzofava, Jr.; Donald A. Mitchell; Henry H. Moy; Paul F. Valluzzo; William Behari, Jr.; Robert F. Morlock; Hans C. Otto; Robin E. Otto; Adele Stelljas; and People's Bank, Defendants–Appellees,**

**Prudential Securities, Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc., Garnishees.**

No. 1621, Docket 93–6372.

United States Court of Appeals, Second Circuit.

Argued July 22, 1994.

Decided Oct. 2, 1995.

Robert E. Pace, Hartford, Connecticut (Cynthia A. Jaworski, Paul R. Aiudi, Kimberly M. Canning; Corcoran, Mallin & Aresco, P.C., Hartford, Connecticut, of counsel), for Plaintiff-Appellant.

Michael J. Mannion, Baker, Moots & Pellegrini, P.C., New Milford, Connecticut (Guy L. Heinemann, New York City, of counsel), for Defendants–Appellees.

Before: WINTER, McLAUGHLIN, and JACOBS, Circuit Judges.

WINTER, Circuit Judge:

 The Federal Deposit Insurance Corporation ("FDIC") appeals from Judge Burns's ruling that the FDIC's motion for a deficiency judgment on a note and mortgage was not timely under the thirty-day filing period provided by Connecticut law. The district court also held that the time limit was jurisdictional and could not be cured by waiver. After we certified questions of state law to the Connecticut Supreme Court, it held that the time limit was not jurisdictional. We now hold that appellees waived as a matter of law any objection based upon the statutory time limit. We therefore reverse.

We assume familiarity with our prior certification order, *F.D.I.C. v. Hillcrest Assocs.*, 36 F.3d 1 (2d Cir.1994), and the resulting decision of the Connecticut Supreme Court, *F.D.I.C. v. Hillcrest Assocs.*, 233 Conn. 153, 659 A.2d 138 (Conn.1995). We briefly recapitulate only the salient facts. Hillcrest Associates is a Connecticut general partnership involved in real estate ventures. The individual appellees were general partners of Hillcrest. On October 1, 1987, Hillcrest entered into a mortgage agreement with Citytrust, a Connecticut bank. The mortgage— along with guarantees from the individual appellees—secured a promissory note with a principal of $1.6 million from Hillcrest to Citytrust. On January 22, 1991, Citytrust brought a foreclosure action in state court seeking a judgment of strict foreclosure and a deficiency judgment. Citytrust subsequently became insolvent, and the FDIC was appointed as receiver. On September 6, 1991, the FDIC removed the foreclosure action to the district court and became the substitute plaintiff. The FDIC moved for judgment of strict foreclosure on May 11, 1992.

At a hearing on the motion before Magistrate Judge Eagan, appellees consented to a judgment of strict foreclosure but requested an early law day to stop the accrual of interest and continued depreciation in the value of the property as a result of a collapsing real

estate market. The FDIC consented to an early law day for accrual and valuation purposes but requested more time before title vested in order to complete an environmental assessment of the property before deciding whether to take title. Magistrate Judge Eagan attempted to accommodate the parties' requests by setting a law day for September 28, 1992. He ordered that the value of the property be set as of September 30, 1992 and that title vest with the FDIC on November 1, 1992. He also ruled that a motion for a deficiency judgment would have to be filed within thirty days of November 1, 1992—that is, the date on which title would vest with the FDIC.

The proposed schedule was potentially at odds with the Connecticut deficiency judgment statute, General Statutes § 49–14(a), which states that a motion for a deficiency judgment must be made within thirty days of the end of the redemption period, arguably the law day. However, counsel for appellees made no objection to this schedule other than to say, "whether that can be changed by order, I don't know." The final colloquy at the hearing was about the schedule for the deficiency judgment motion. Magistrate Judge Eagan declared: "Thank you all for coming. You have thirty days now on the deficiency." An unidentified attorney then asked, "Thirty days from the first of November?" Magistrate Judge Eagan replied, "First of November, right."

The magistrate judge's rulings were oral, and the FDIC drafted an order, incorporating those rulings, that it submitted to counsel for appellees. In a letter to counsel for the FDIC, counsel for appellees noted his "personal opinion ... that the filing of a motion for deficiency is a matter of state statute and does not belong in a judgment." This letter was not copied to the magistrate judge. Counsel for the FDIC submitted the proposed judgment to the magistrate judge, who approved it on August 26, 1992. The dates specified in the final order for the law day, for setting the value of the property, for the vesting of title, and for filing a motion for deficiency judgment remained as stated above. The parties made no objections to the district court, see Fed.R.Civ.P. 72, and it endorsed the order on October 5, 1992.

The FDIC moved for a deficiency judgment on November 5, 1992. On November 18, 1992, appellees filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the court had no subject matter jurisdiction because the FDIC had filed its motion more than thirty days after the expiration of the redemption period in violation of Section 49–14(a). Magistrate Judge Eagan denied the Rule 12(b)(6) motion on the ground that appellees' failure to object to the order and judgment estopped them from claiming a lack of subject matter jurisdiction. Appellees appealed the recommended ruling to the district court. Judge Burns held that the thirty-day time limit on filing for a deficiency judgment under Section 49–14(a) began to run on September 29, 1992 and that, therefore, the FDIC's motion for a deficiency judgment was not timely. She also found that the statutory time limit was jurisdictional. Hence, she ruled that the court lacked subject matter jurisdiction, a defect that cannot be cured by waiver.

After hearing argument on the FDIC appeal, we certified two questions to the Connecticut Supreme Court pursuant to Local Rule 0.27 and Conn.Gen.Stat. § 51–199a:

> 1) Does the owner of mortgaged property retain a right of redemption with respect to Conn.Gen.Stat. § 49–14(a) until absolute title becomes vested in another party?
>
> 2) If not, is the thirty-day time limitation in Conn.Gen.Stat. § 49–14(a) jurisdictional?

36 F.3d at 3.

The Connecticut Supreme Court answered only the second question, holding that the thirty-day time limit was not jurisdictional. Instead, it held that the limit is mandatory but waivable. The Connecticut Supreme Court then found it unnecessary to answer the first question because it concluded that appellees had waived any objection to an extension of the time limit. The Connecticut Supreme Court's ruling lays the jurisdictional question to rest. However, appellees argue that the Connecticut Supreme Court erroneously made a factual finding regarding waiver that was both beyond the Court's authority under the certification procedure and wrong on the merits. We need not address whether the Connecticut Supreme

Court should have addressed the waiver issue because there was a waiver as a matter of law.

It was clear to everyone at the August 26, 1992 hearing before Magistrate Judge Eagan that a deficiency proceeding was contemplated. The final colloquy at the hearing expressly addressed that issue. The final draft of the Order and Judgment, as prepared by the FDIC and approved by Magistrate Judge Eagan, stated that "a motion for deficiency judgment must be filed by the plaintiff within thirty (30) days of November 1, 1992." Hillcrest filed no objection to this recommended order, and on October 5, 1992, Judge Burns endorsed it.

Appellees had an abundance of opportunities to object to the timetable for the filing of the deficiency judgment motion but did not do so. Appellees point to their counsel's unpursued and cryptic inquiry, "whether that can be changed by order, I don't know." Even if we interpret "that" as a reference to the thirty-day time limit, the remark raises no more than the jurisdictional issue that has now been resolved against appellees. Appellees' counsel suggested in a letter to the FDIC's counsel that reference to a deficiency judgment in the order should be deleted, because his "personal opinion" was that "the filing of a motion for deficiency is a matter of state statute and does not belong in a judgment." However, he did not send a copy of the letter to the magistrate judge.

Most important, appellees never objected to the recommended judgment in the district court. Federal Rule of Civil Procedure 72 requires a party objecting to a magistrate judge's recommended ruling to "serve and file specific, written objections to the proposed findings and recommendations" within ten days after being served with a copy of the recommendation. Fed.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1). The rule is "intended to assure that objections to magistrate's orders that are not timely made shall not be considered." Fed.R.Civ.P. 72 Advisory Committee's note (1991 Amendment).

■ Our rule is that "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam) (reiterating general rule and outlining exception for *pro se* litigants unless the "magistrate's report explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure"); *see IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir. 1983); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 588 F.2d 24, 29–30 (2d Cir.1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979).

The present proceeding is thus in reality a collateral attack on a judgment to which appellees did not object and from which they did not appeal. They did not do so, undoubtedly because of the understandable apprehension that a timely objection or appeal might cause the law day to be set for November 1, for them the worst of all worlds. There is thus no reason to entertain their claim.

We therefore reverse.