**HESTER INDUSTRIES, INC., Plaintiff,**

v.

**TYSON FOODS, INC., Defendant.**

**No. 93–CV–0391.**

United States District Court,
N.D. New York.

Nov. 17, 1997.

Nixon & Vanderhye (Robert W. Adams, Duane M. Byers, of counsel), Arlington, VA, Kohn, Bookstein & Karp (Richard A. Kohn, of counsel), Albany, NY, for plaintiff.

Levene, Gouldin & Thompson (David M. Gouldin, of counsel), Binghamton, NY, for defendant.

MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Pending before the Court are several post-judgment motions made by defendant Tyson Foods, Inc. ("Tyson") and plaintiff Hester Industries, Inc. ("Hester").

First, Tyson moves, pursuant to Fed. R.Civ.P. 59(e) and Rule 7(g) of the Local Rules for the Northern District of New York, to alter or amend a judgment of this Court dated August 11, 1997. According to Tyson, the Court made clear errors of fact upon which the judgment is based, and thus the motion should be granted to prevent manifest injustice. Tyson further requests that the Court stay execution of the judgment.

Second, Hester requests that in the event the Court grants in whole or in part Tyson's Rule 59(e) motion, the Court grant Hester's cross-motion to alter or amend under Rule 59(e). Hester also seeks, pursuant to Rule 60(a), to correct certain clerical errors in the decision of this Court dated July 29, 1997.

For the reasons that follow, Tyson's Rule 59(e) is DENIED, and accordingly, Hester's Rule 59(e) cross-motion need not be addressed. Further, Tyson's motion to stay execution pending appeal is GRANTED to the extent stated herein, and Hester's Rule 60(a) motion to correct clerical errors is GRANTED to the extent stated herein.

## II. DISCUSSION

### A. Tyson's Rule 59(e) Motion

■ A motion to alter or amend judgment made pursuant to Fed.R.Civ.P. 59(e) must adhere to stringent standards. The Court's ruling on such a motion "[is] committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983). Rule 59(e) recognizes three possible grounds upon which relief may be based: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; (3) the need to correct a clear error of law or fact; and (4) to prevent manifest injustice. *Atlantic States Legal Foundation v. Karg Bros.*, 841 F.Supp. 51, 53 (N.D.N.Y.1993). The first two grounds are inapplicable to the matter at hand. No intervening changes in the law have occurred and new evidence has not come to light that previously was unavailable. That leaves us with only grounds three and four—Tyson must demonstrate a clear error of law or fact, or manifest injustice in the Court's July 29, 1997 decision.

Tyson argues that the Court made manifest errors of fact upon which the judgment is based, and that the motion should be granted to prevent manifest injustice. The substance of Tyson's argument is that the Court did not properly calculate the monetary sanction imposed against Tyson for civil contempt resulting from Tyson's failure to adhere to a prior Dismissal Order issued by the Court. Specifically, Tyson asserts that the Court made manifest errors with respect to its analysis of (1) cost; (2) processing cost; (3) Price/Costco; and (4) take-out value. Each of these issues will be addressed in turn.

### (1) Cost Analysis

The Court imposed against Tyson a civil monetary sanction of $8,599,272.84. The Court arrived at that figure by calculating Tyson's total net sales dollars relating to the use of the WING FLING mark, which was $9,732,054. From that figure, the Court deducted processing costs of $1,132,781.16 to arrive at the sanction amount.

■ Tyson argues that, in calculating processing costs, the Court failed to deduct selling, general and administrative and interest costs from net sales dollars. According to Tyson, sufficient evidence was introduced at trial to warrant deducting these costs.

Although there was testimony at trial as to other costs, Tyson is incorrect in asserting that such testimony sufficiently established its costs. As previously explained, Tyson bore the burden of establishing its costs. *See* July 29, 1997 decision of this Court, at 23. Here, Tyson failed to properly quantify

these costs to the Court. Thus, the Court did not, as Tyson asserts, overlook or misconstrue the testimony relating to these costs, but rather determined that the evidence did not sufficiently establish these costs. Consequently, because Tyson failed to establish these other costs, the Court did not deduct them from net sales.

### (2) Processing Costs

In arriving at processing costs of $1,132,-781.16, the Court used the per pound processing cost of 8.65 cents testified to by Hester's expert.

Tyson argues that the Court overlooked the testimony of William Whitfield, a Tyson Foods vice-president, who testified that the average cost per pound for processing costs for Tyson's IQF wing product is 10 to 12 cents per pound.

The Court, however, did not overlook Whitfield's testimony. To the contrary, the Court determined that the testimony of Whitfield did not sufficiently establish processing costs. Indeed, a review of the trial testimony reveals that Whitfield did not adequately establish the processing costs relating specifically to IQF wing product.

### (3) Price/Costco     •

The Court included $6,724,627 in net sales dollars of product codes 9612 and 7653, which represent IQF product sold to club store company, Price/Costco. In brief, the Court included this amount by reasoning that the "use of the offending mark in connection with the pricing documents shown to [club stores] could arguably could have provided a benefit to Tyson, and a corresponding injury to Hester." Decision of this Court dated July 29, 1997, at 19.

Tyson argues that the evidence at trial did not support this conclusion, and that there is no evidence that Hester was injured as a result.

■ Only two comments are necessary. First, in calculating an appropriate monetary sanction award, a court need not find evidence of either lost sales or likelihood of confusion. *See Manhattan Ind ., Inc. v. Sweater Bee by Banff. Ltd.*, 885 F.2d 1, 2 (2d Cir.1989), *cert. denied*, 494 U.S. 1029, 110 S.Ct. 1477, 108 L.Ed.2d 614 (1990). Thus, a specific showing that plaintiff suffered legal damages is not required. Second, the Court disagrees with Tyson, for reasons previously explained, that Hester may not have suffered injury. *See* Decision of this Court dated July 29, 1997, at 18–19.

### (4) Take Out Value

In calculating the sanction award, the Court found that the Take Out Value, which Tyson relied upon to establish cost of goods, to be an improper costing method.

■ Tyson argues that the testimony of various witnesses establishes that Take Out Value is an appropriate costing method. Accordingly, Tyson contends that the Court should have applied the Take Out Value method to reduce net sales. Alternatively, Tyson argues that the Court should at least deduct 10% of Take Out Value cost of meat on the basis of testimony from the plaintiff's expert that relied upon certain testimony from Whitfield. Again, the Court disagrees.

Tyson has the burden to show the amount of its costs. Here, Tyson chose to use the Take Out Value in calculating its costs. The Court found that Take Out Value was an improper method to use here. Accordingly, the Court rejected Tyson's cost figures that were calculated using this method. Tyson is referred to the Court's reasoning in its July 29, 1997 decision for a discussion that explains why the Court determined Take Out Value to be improper. As to plaintiff's alternative argument, the Court found that the evidence did not establish Whitfield's contentions. Therefore, the Court did not make a deduction for the value of wings that Tyson purchased from other companies.

In sum, the issues raised by Tyson's Rule 59(e) motion, asserting that in certain instances this Court did not properly calculate the monetary sanction award imposed against Tyson, fail to show that manifest injustice will result unless the Court alters or amends the judgment. Consequently, Tyson's motion is denied.[1]

### B. Hester's Rule 60(a) Motion

Hester requests that the Court correct four clerical errors that appear in the Court's decision dated July 29, 1997, —— F.Supp. —— [1997 WL 580542]. After careful review, the Court amends the decision as follows.

### C. Tyson's Motion to Stay Execution of the Judgment

Lastly, Tyson moves to stay execution of the judgment filed August 11, 1997. If an appeal is taken, Tyson may stay execution of the judgment pending appeal by posting a supersedeas bond in the amount of the judgment, plus the post-judgment interest.

### III. CONCLUSION

For the reasons stated above, Tyson's Rule 59(e) motion is DENIED, and accordingly, Hester's Rule 59(e) cross-motion need not be addressed. Further, Tyson's motion to stay execution pending appeal is GRANTED to the extent stated herein, and Hester's Rule 60(a) motion to correct clerical errors is GRANTED to the extent stated herein.

### IT IS SO ORDERED.

1. Further, because Tyson's motion to alter or amend is denied in its entirety, Hester's cross-

motion for the same need not be addressed.