**Bela BORCSOK, Plaintiff–Appellant,**

v.

**Peter D. EARLY, James Plescia, Deputy Superintendent of Administration, Donald Selsky, Director of Inmate Disciplinary Programs, David Miller, Superintendent, Glenn S. Goord, Commissioner Department of Correctional Services, Defendants–Appellees.**

No. 07–4042–pr.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

Bela Borcsok, pro se, for Plaintiff–Appellant.

Kate H. Nepveu, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, on the brief, Barbara D. Underwood, Solicitor

General, Andrew Oser, Deputy Solicitor General, of counsel), Office of the Attorney General, Albany, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, and BRIAN M. COGAN, District Judge.*

## SUMMARY ORDER

Plaintiff Bela Borcsok, *pro se* and incarcerated, appeals from an August 22, 2007 Memorandum–Decision and Order of the District Court, which granted defendants' motion for summary judgment. Borcsok initially filed a complaint on March 31, 2003, pursuant to 42 U.S.C. § 1983, alleging that defendants—all employees of the Department of Corrections—violated his due process rights in the course of a disciplinary hearing against him. Specifically, Borcsok contended that in March 2001, defendant Early had "fabricated" a misbehavior report, which stated that Borcsok admitted to adding a CD–Rom drive to his computer, using a "CD-burner" to make copies of computer software and games, and giving games and disks to another inmate, in violation of six different prison rules.[1] Compl. at 5. During the hearing that ensued from this report, Borcsok alleges that his due process rights were violated, *inter alia*, because: (1) there was a lack of sufficient evidence (and, specifically, no physical evidence) presented at the hearing to support the misbehavior report; (2) the misbehavior report was fabricated; (3) the hearing officer was biased. *Id.* at 5–7.

The hearing officer found Borcsok guilty of violating all six rules, and imposed a penalty of ninety days' confinement in the Special Housing Unit ("SHU"), as well as a concurrent loss of privileges. Borcsok filed an administrative appeal, which defendant Selsky denied on May 24, 2001. In his complaint, Borcsok requested that the District Court expunge all charges against him, reverse the order affirming the hearing officer's decision, and order defendants Early, Plescia, Selsky, Miller, and Goord to each pay $100,000 in damages. *Id.* at 10–11. Defendants filed a motion to dismiss, which was referred to a magistrate judge and subsequently converted into a motion for summary judgment. In February 2007, the magistrate judge recommended granting the defendants' motion because, first and foremost, Borcsok had failed to demonstrate that his confinement and loss of privileges constituted an "atypical and significant hardship" so as to "afford the protection provided by procedural due process." *See* ROA doc. 30 at 11–14 (citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Though Borcsok objected to the report and recommendation, the District Court concluded that those objections did not "specifically address [the magistrate judge's] factual and legal conclusions" and thus Borcsok had "procedurally defaulted." *See* ROA doc 33 at 3–4. The District Court then reviewed the magistrate judge's report and recommendation for clear error and, finding none, adopted the report in full and dismissed Borcsok's complaint. *Id.* at 4. We assume the parties' familiarity with the remaining facts and procedural history of the case.

We review *de novo* an order granting summary judgment. *See, e.g., Miller v.*

---

* The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

1. Borcsok was charged with violating the following prison rules: being out of place (Rule 109.10); exchanging personal property (Rule 113.15); smuggling (Rule 114.10); possessing contraband (Rule 113.23); misusing state property (Rule 116.10); and tampering with state property (Rule 116.11).

*Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate only if "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

We conclude that summary judgment was properly granted in favor of defendants. As an initial matter, Borcsok did not object to the magistrate judge's finding that his confinement and loss of privileges did not constitute an "atypical and significant hardship" sufficient to create a liberty interest. *See* ROA doc. 32. We have previously held that "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003); *see also McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983). The District Court specifically noted Borcsok's failure to object to the magistrate judge's finding on this issue, and Borcsok does not directly challenge that aspect of the District Court's holding.

Even assuming, *arguendo,* that Borcsok had preserved his right to appeal, we would still hold that summary judgment was properly granted in defendants' favor. We have interpreted the Supreme Court's decision in *Sandin* to mean that "a prisoner's restricted confinement within a prison does not give rise to a liberty interest, warranting procedural due process protection, unless the conditions and duration of the prisoner's confinement 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sealey v. Giltner,* 197 F.3d 578, 583 (2d Cir.1999) (quoting *Sandin,* 515 U.S. at 484, 115 S.Ct. 2293). Because Borcsok does not complain of the conditions of his confinement, any protected liberty interest he possessed would be based upon the duration of his confinement. Even if we include the eleven days that Borcsok spent in the SHU before the disciplinary hearing with the ninety days he received as part of his penalty, the duration of his confinement was neither atypical nor significant. *Cf. Sealey,* 197 F.3d at 589 (finding that a 101–day confinement in a prison's SHU, while "doubtless unpleasant," is "not an 'atypical and significant hardship'" (quoting *Sandin,* 515 U.S. at 484, 115 S.Ct. 2293)). Accordingly, Borcsok's confinement and loss of privileges did not rise to a liberty interest, warranting procedural due process protection, and the decision of the District Court to grant defendants' motion for summary judgment was entirely appropriate.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court to grant defendants' motion for summary judgment is **AFFIRMED**.