19-3582-cv
*Ziga, et al. v. ICTJ, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty.

PRESENT: JOSÉ A. CABRANES,
                 BARRINGTON D. PARKER, JR.,
                 REENA RAGGI,
                           *Circuit Judges.*

---

HIMZO ZIGA, NURA ZIGA, ALMEDINA SPAHIC,
Administrator of the goods, chattels and credits of
Himzir Ziga,

                 *Plaintiffs-Appellants,*                      19-3582-cv

                       v.

INTERNATIONAL CENTER FOR TRANSITIONAL
JUSTICE, INC.,

                 *Defendant-Appellee.*

---

**FOR PLAINTIFFS-APPELLANTS:**          SCOTT M. MOORE, Moore International Law PLLC, New York, NY.

**FOR DEFENDANT-APPELLEE:**          JOHN F. KARPOUSIS and Michael D. Tucker, Freehill Hogan & Mahar LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, *District Judge*); (Robert W. Lehrburger, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Himzo Ziga, Nura Ziga, and Almedina Spahic (jointly, "Plaintiffs") appeal from a September 30, 2019 judgment of the District Court granting the motion to dismiss of Defendant-Appellee International Center for Transitional Justice, Inc. ("Defendant") on grounds of *forum non conveniens*. The District Court entered an order dismissing the action after reviewing Magistrate Judge Lehrburger's April 25, 2019 Report and Recommendation ("R&R"), which recommended granting Defendant's *forum non conveniens* dismissal, subject to three conditions: (1) Defendant consent to the jurisdiction of the appropriate Belgian courts; (2) Defendant agrees to waive any statute of limitations defense that has arisen since the commencement of this action in the Southern District of New York; and (3) the Belgian courts' willingness to exercise jurisdiction over Defendant. The District Court reviewed some aspects of the R&R for clear error and some under *de novo* review. It then made minor modifications to the R&R not relevant to the *forum non conveniens* legal analysis and adopted substantially all of the R&R, including the three aforementioned conditions of dismissal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

Before turning to the merits of the *forum non conveniens* analysis, we briefly address two of Plaintiffs' procedural arguments. First, they argue that the District Court's March 27, 2018 Order of Reference did not authorize Magistrate Judge Lehrburger to produce and submit a Report and Recommendation on this dismissal motion. Because Plaintiffs failed to raise this objection before either the Magistrate Judge or District Court, we decline to consider this argument. *See Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal brackets and quotation marks omitted)). "While this bar to raising new issues on appeal is not absolute, . . . it may be overcome only when necessary to avoid manifest injustice," *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990), and we see no such necessity here, *see also McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision."); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (same).

Second, Plaintiffs argue that Defendant's motion to dismiss on the ground of *forum non conveniens* was untimely. In support, they rely on a decision of a sister Circuit, which concluded that "[w]hile untimeliness will not effect a waiver, it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *In re Air Crash Disaster*, 821 F.2d 1147, 1165 (5th Cir. 1987), *cert. granted, judgment vacated sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989). The parties dispute whether this issue is raised for the first time on appeal. We agree with Defendant that Plaintiffs have insufficiently preserved this argument. In any event, the record does not reflect Defendant's dilatoriness and we conclude the motion was not untimely.

B.

We next address the merits of the *forum non conveniens* dismissal. "The decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused.*" *Iragorri v. United Technologies Corp.,* 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (internal quotation marks omitted) (original emphasis). "A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d Cir. 2005) (internal quotation marks omitted).

To "guide the exercise" of a district court's "broad discretion" in deciding to dismiss a case for *forum non conveniens*, we have instructed courts to follow a three-step process. *See id.* "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum." *Id.* (citations omitted).

Plaintiffs here challenge the conclusions recommended by the Magistrate Judge and adopted by the District Court at all three steps.[1] The District Court's judgment, substantially adopting in relevant part the R&R, concluded that (1) "moderate deference" should be afforded to the Plaintiffs'

---

[1] Plaintiffs also challenge the District Court's application of a clear error standard in reviewing the R&R's conclusions regarding the adequacy of the Belgian forum and the balancing of the public and private interests. Plaintiffs' objection to the District Court's application of clear error review is wholly conclusory and does not state *why* the District Court allegedly erred in failing to apply *de novo* review to these aspects of the R&R. Accordingly, we decline to address this argument. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

choice of forum; (2) Belgium is an adequate alternative forum; and (3) the balance of both public and private interests weighed in Defendant's favor. Both the R&R and the District Court's judgment articulated and followed the proper legal framework for deciding a *forum non conveniens* motion. We cannot conclude on this record that the District Court abused its discretion in granting the *forum non conveniens* dismissal.

## CONCLUSION

We have reviewed all the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 30, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk