**DC COMICS, INC., Plaintiff,**

v.

**Jerry POWERS, Michael Barkow, the Daily Planet, Inc., and Future Developments Merchandising, Inc., Defendants.**

**78 Civ. 4597 (KTD).**

United States District Court,
S. D. New York.

Nov. 20, 1979.

Weiss, Dawid, Fross, Zelnick & Lehrman, New York City, for plaintiff; Cowan, Liebowitz & Latman, P.C., New York City, of counsel.

David S. Fitzpatrick, New York City, for defendant the Daily Planet, Inc., of counsel.

Jerry Powers, pro se.

OPINION & ORDER

KEVIN THOMAS DUFFY, District Judge:

The plaintiff, DC Comics, commenced this action in September, 1978, charging that the defendants, the Daily Planet, Inc. and its president Jerry Powers, had infringed upon its common law trademark—the Daily Planet. Thereafter, the plaintiff sought, and was granted, an order expediting discovery to determine whether or not a preliminary injunction would be sought. Soon after being deposed the defendants collectively moved for a preliminary injunction. The plaintiff cross-moved for injunctive relief. Then, after a two-day hearing, I denied defendants' motion and granted plaintiff's motion in an Opinion reported in 465 F.Supp. 843. While defendants filed a timely notice of appeal from my decision, they failed to properly docket the appeal and accordingly it was dismissed on January 31, 1979.

After some nine months defendants now seek reargument on their motion for a preliminary injunction and for reconsideration of my decision thereon. Needless to say, plaintiff opposes the motion and has itself cross-moved for summary judgment.

The plaintiff's predecessors were the creators of the fictional character called Superman. Plaintiff now owns the Superman comic books. The Daily Planet has two independent functions in the context of the Superman character. First and foremost it is the name of the fictitious newspaper around which many of the Superman stories are structured. Second, the Daily Planet is also the title of a promotional news column which appears from time-to-time within the Superman comic books.

The defendants were the publishers of an underground news publication called the Daily Planet between 1969 through 1973. Since its demise, the defendants have engaged in numerous business ventures which, from time-to-time were conducted under the name Daily Planet, Inc.

Defendants base their request for reargument on newly discovered and previously

unavailable evidence. It consists of the following:

(a) The Affidavit of Bruce Nadell, a partner in the accounting firm of Padell, Kaden, Nadell & Co., who has, since 1974, represented Mr. Powers and the Daily Planet, Inc. as an accountant and business manager. He states that from his New York office Powers has conducted "business of a publishing nature using the name Daily Planet . . . [and] that he and the corporation were very active and operated as an ongoing business in the field of mass media and publishing." Defendants' Exhibit E at ¶ 4 and 5.

(b) The Affidavit of Bertram Cohen who, during 1972 and 1973, was employed by Warner Publishing, Inc., the parent of the plaintiff DC Comics, as the Head of Advertising in its New York office. The affiant states that on behalf of Warner, he placed several advertisements in the defendants' Daily Planet publication. In particular, these ads were to promote two paperbacks published by Warner. Defendants' Exhibit D.

(c) A license agreement dated May 3, 1976 in which Powers, acting for the Daily Planet, Inc., licensed the trademark "Daily Planet" to the Earth News Corp. for a period of 20 years for the sum of $1,000. Defendants' Exhibit F.

(d) Affidavits from program directors and general managers from local radio stations in thirteen states which state, in essence, that the director/manager "[is] aware of the 'Daily Planet' news and entertainment feature programs marketed by Earth News Service between 1976 and 1978." Defendants' Exhibit G.

(e) Two letters to the Editor of Superman comic books, Mort Weisinger, which state:

Dear Editor:

On July 4, 1970, there will be a new daily newspaper in New York City. Guess what the title is? The Daily Planet!

(Yes, we've heard about the brand-new namesake of our Metropolis paper. And speaking of that, see the next letter.— Ed.)

    \*     \*     \*     \*     \*     \*

Dear Editor:

Do you realize that the Daily Planet is having its 100th anniversary this year? I was just looking through an old comic and found a panel showing the plaque near the door of the building. It reads: "Daily Planet Publishing Company, Inc. Established 1870." Aren't you going to do anything to celebrate this momentous occasion?

(We'd say somebody beat us to it, by picking this year to establish a real Daily Planet.—Ed.)

Although riddled with procedural defects, defendants' motion for reargument is permissible since a trial court has plenary power over its interlocutory orders until a final judgment has been entered. *Thomsen v. Terrace Navigation Corp.*, 490 F.2d 88, 89 (2d Cir. 1974). *See also* 7 J. Moore, Federal Practice ¶ 60.20 and 6A J. Moore, Federal Practice ¶ 59.03 n.12 (2d ed. 1979). It is equally clear, however, that such a motion is to be granted only when justice demands. *See, e. g., John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90–91, 42 S.Ct. 196, 66 L.Ed. 475 (1922); *Fiske v. Buder*, 125 F.2d 841 (8th Cir. 1942) (extrinsic fraud).

It is apparent that in the case at bar the defendants were provided a full and fair hearing upon their request for injunctive relief. They have presented nothing in the proffered evidence which even if true would alter my prior Opinion. To the contrary, the evidence tends to substantiate my earlier findings. For example, the Affidavit of Bertram Cohen merely establishes that an agent of plaintiff's parent knew of the existence of the defendants' underground paper entitled the Daily Planet and in fact placed a few advertisements in the paper for the parent. As noted in my prior Opinion, even if true "[b]efore a parent's knowledge will be imputed to its subsidiary, it must be shown that the parent's employees informed of the infringement were under a duty to report that information to the

subsidiary." *See Dawn Donut Co., Inc. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 363 (2d Cir. 1959). It is evident that no such duty obtained in the instant case.

 The Affidavits of Bruce Nadell and the various program directors and general managers are similarly unpersuasive. They fail to establish the type of use of the Daily Planet sufficient to rebut its abandonment by Mr. Powers. To be sure, Powers may have sporadically used the name Daily Planet after permitting his federal registration to lapse. I recognized as much in my earlier Opinion. See 465 F.Supp. at 847. However, this sporadic use, especially in light of the registration lapse, evinces a lack of commitment to the mark. Indeed, it was apparent from the testimony elicited at the hearing that it was not until the new wave of Daily Planet publicity generated by the plaintiff in connection with the release of plaintiff's Superman movie that defendants' appetite was again whetted.

Furthermore, defendants insist upon ignoring the substantial evidence indicating that their adoption of the name Daily Planet in 1969 was merely an attempt to cash in on the Superman story and its notoriety. See 465 F.Supp. at 849. This conclusion was further bolstered by defendants' revived interest in the name Daily Planet on the eve of the release of the Superman movie.

In sum, defendants have offered nothing to convince me that justice demands I vacate the preliminary injunction previously entered herein.

Plaintiff also seeks summary judgment apparently for both the equitable and monetary relief sought in the complaint. The amount and indeed the entitlement to monetary damages raises a serious question of fact which cannot be resolved at this time. The motion for summary judgment is therefore denied.

So ordered.

### ENDORSEMENT

There is no opposition to plaintiff's second motion for summary judgment. The plaintiff's first motion for summary judgment was denied since it was unclear to me as to whether the plaintiff unconditionally withdrew its claim for damages. That withdrawal is now clear and judgment will enter for the plaintiff.

Settle judgment on five (5) days' notice.