**U.S. TITAN, INC., Petitioner,**

v.

**GUANGZHOU MEN HUA SHIPPING CO., LTD., Respondent.**

**No. 96 Civ. 0936(WCC).**

United States District Court, S.D. New York.

Sept. 29, 1998.

---

Piper & Marbury L.L.P. (Leo G. Kailas, Carol M. Fischer, of counsel), New York City, for petitioner.

Burlingham Underwood L.L.P. (Micheal Marks Cohen, Lizabeth L. Burrell, of counsel), New York City, for respondent.

## OPINION AND ORDER

CONNER, Senior District Judge.

This case was recently before the Court on the motion of petitioner U.S. Titan, Inc. ("Titan") for a summary determination of the making of a binding charter party agreement between Titan and respondent Guangzhou Zhen Hua Shipping Co., Ltd. ("Guangzhou"), and to compel arbitration on Titan's claim for breach of contract, pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4. Guangzhou cross-moved to dismiss the action for lack of jurisdiction and improper venue under Fed.R.Civ.P. 12(b)(1), 12(b)(2) and 12(b)(3), or, in the alternative, to stay the proceedings pursuant to 9 U.S.C. § 3 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.* Respondent Guangzhou now moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 "to alter and amend" this Court's Opinion and Order dated August 5, 1998, 16 F.Supp.2d 326 (the "Opinion"),[1] familiarity with which is assumed.

## BACKGROUND

In the Opinion, the Court held that the parties had entered into a binding charter party agreement, by which petitioner time-chartered the BIN HE, respondent's ocean-going Chinese-flag tanker, and which required arbitration of their disputes in London; granted petitioner's motion to compel arbitration in London; and denied respondent's cross-motion to dismiss or stay the action.[2] Our Opinion was based, in part, on the Court's conclusion that a binding charter party had been formed on September 26, 1995 when Seabrokers, pursuant to instructions from Seagos and/or Guangzhou,[3] sent a facsimile "recapping" the parties' agreement, despite petitioner's alleged failure to satisfy one of the three " 'subjects,' or conditions" to the charter, namely that Titan's board of directors approve the charter within three (3) days of receiving an inspection report on the BIN HE.[4] Opinion at 3, 26.

On August 18, 1998, respondent Guangzhou brought this motion to "alter and amend" the Opinion, claiming that it did "not fully identify the issues left open for consideration by the arbitrators" in London. Resp. Mem. of Law in Supp. of Mot. to Alter or Amend at 2. Specifically, respondent claimed that "it [would] not be clear to [the arbitrators] whether or not the Court's ruling has the effect of foreclosing them from deciding ... that ... [Guangzhou is] reliev[ed] of its obligations under the charter." *Id.* at 3. Petitioner, on the other hand, urges the view that the Court's Opinion unambiguously and correctly limited the scope of the arbitrators' authority. The pivotal issue is whether the arbitrators may excuse the parties from their obligations under the charter in the event

---

1. The Opinion was entered on August 7, 1998.

2. The Court stayed the action to the extent that it ordered arbitration of Guangzhou's alleged breach of the charter party. It did not, however, stay the action with respect to the summary determination of the charter party.

3. As discussed in the Opinion, Seabrokers brokered the arrangements to charter the BIN HE on behalf of petitioner Titan, while Seagos acted as Guangzhou's broker in the transaction. *See* Opinion at 2–3, 18 & n. 11.

4. The Court concluded that "the charter contained three 'subjects,' or conditions: (1) Titan's satisfactory inspection of the BIN HE; (2) the

release of the vessel from its previous charterer, 'Camaro'; and (3) the approval of the charter party by Titan's board of directors within three days of the board's receipt of the ... inspection report." Opinion at 3. The Court based its conclusion on the "recap" facsimile, or "fixture," which provided, among other things, the following:

> CP—SHELLTIME 4 TC, WITH MODS TO PRESENT TERMS AS AGREED.
> SUBJECTS—CP DET'LS, SATISFACTORY INSPECTION OF THE VSL AT DD, RELEASE BY OWNERS FROM CAMARO TC, THENCE U.S. TITAN BOD APPROVAL WITHIN 3 DAYS FOLLOWING RECEIPT OF THEIR DENHOLM INSPECTION REPORT.

Pet'r Exh. 1.

that one of the " 'subjects,' or conditions" has not been satisfied.

## DISCUSSION

### I. *Legal Standards*

▮ A motion "to alter or amend" a judgment under Fed.R.Civ.P. 59(e), or a motion for reconsideration or reargument under Local Civil Rule 6.3, provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice. *Marino v. United States*, No. 97 Civ. 1884, 1998 WL 512958, at *2 (S.D.N.Y. Aug. 18, 1998) (slip copy); *Atlantic States Legal Found., Inc. v. Karg Bros., Inc.*, 841 F.Supp. 51, 53 (N.D.N.Y. 1993) (mem.); *see also* L.Civ.R. 6.3 (movant "shall ... serve[ ] ... a memorandum setting forth the matters or controlling decisions which counsel believes the court has overlooked"); *cf. Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,* 170 F.R.D. 111, 113 (S.D.N.Y.1997) (motion to reargue may be granted only where "the court overlooked the controlling decisions or factual matters that were placed before the court") (citations omitted); *Anglo Am. Ins. Group, P.L.C. v. CalFed Inc.*, 940 F.Supp. 554, 557 (S.D.N.Y. 1996) (moving party "must present matters or controlling decisions the court overlooked that might materially have influenced its earlier decision") (quoting *Morser v. AT & T Information Systems*, 715 F.Supp. 516, 517 (S.D.N.Y.1989)); *Ruiz v. Commissioner of the Dep't of Transp. of the City of New York*, 687 F.Supp. 888, 890 (S.D.N.Y.) (same, with respect to motion to alter or amend under Rule 59(e)), *aff'd*, 858 F.2d 898 (2d Cir.1988). The parties, however, may not address facts, issues, or arguments not previously presented to the court, *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996), nor "reargue those issues already considered." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996). Whether to grant or deny a motion for reconsideration or reargument is in the "sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983) (Rule 59(e)); *accord Boyle v. Stephens, Inc.*, No. 97

Civ. 1351, 1998 WL 80175, at *1 (S.D.N.Y. Feb. 25, 1998) (Local Rule 6.3) (citations omitted).

▮ Respondent brings its motion to "alter and amend the Court's August 5, 1998 Opinion and Order" pursuant to Fed.R.Civ.P. 59(e) and Local Civil Rule 6.3. Technically, a motion made pursuant to Local Rule 6.3 is a motion for "reconsideration or reargument," not a motion to "alter or amend." However, the legal standards governing these motions are essentially the same, as are the standards governing former Local Rule 3(j). *See* L.Civ.R. 6.3; *First Financial Ins. Co. v. Allstate Interior Demolition Corp.*, No. 96 Civ. 8243, 1998 WL 567900, at *3 (S.D.N.Y. Sept. 3, 1998) (slip copy); *Jones v. Trump*, 971 F.Supp. 783, 785 n. 2 (S.D.N.Y.1997); *Farkas v. Ellis*, 783 F.Supp. 830, 832–33 & n. 1 (S.D.N.Y.) (WCC), *aff'd*, 979 F.2d 845 (2d Cir.1992). The motions are different in the respect that a motion made under Rule 59(e) is a motion to "alter or amend a judgment," which is "a decree and any order from which an appeal lies," Fed.R.Civ.P. 54(a), whereas a motion made pursuant to Local Rule 6.3 may seek revision of a ruling that is not yet final.

▮ In this case, the Court has not yet entered judgment. Thus, we cannot consider respondent's motion as a motion to alter or amend a judgment under Rule 59(e). *See RR Village Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1200–01 (2d Cir.1987) ("a [final] order disposing of a motion is not effective until set forth on a separate document"; final "order that is part of a district court opinion ... does not satisfy" separate-document requirement); *cf. McCowan v. Sears, Roebuck and Co.*, 908 F.2d 1099, 1103 (2d Cir.1990) (appealable interlocutory order "is no less a judgment because no 'separate document' was filed pursuant to Fed.R.Civ.P. 58"; Court, however, "assume[d] without deciding, that the requirements for an effective judgment set forth in Rule 58 must generally be satisfied before Court's jurisdiction can be invoked"). Accordingly, we consider respondent's motion under Rule 6.3. *Cf. Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (district court properly considered defen-

dant's "resubmitted" motion to dismiss as a motion for reconsideration under former Local Rule 3(j)).[5]

## II. *Reconsideration Under Local Rule 6.3*

■ What respondent actually seeks is "clarification" of the Opinion, claiming that it will be unclear to the arbitrators whether they may excuse the parties' performance under the charter if respondent can prove that the "subjects" or conditions were not satisfied. We grant respondent's motion to the extent of specifying that the parties must arbitrate in London all disputes arising under the charter party. Thus, the arbitrators may determine whether the actions of either party, subsequent to the formation of the charter party, have vitiated the agreement. Any parts of our prior Opinion which suggested otherwise are hereby withdrawn.

■ Section 4 of the FAA provides, "[i]f the making of [an] arbitration agreement or the failure, neglect, or refusal to perform the same [is at] issue the court shall proceed summarily to the trial thereof," and section 3, "the court . . ., upon being satisfied that [an] issue involved in [a] suit or proceeding is referable to arbitration under . . . an agreement, shall on application of one of the parties stay the trial of the terms of the agreement. . . ." 9 U.S.C. §§ 3, 4. Thus, under the FAA, the court may determine (1) whether the parties entered into an agreement to arbitrate; (2) whether one party to the agreement has failed, neglected or refused to arbitrate. *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir.1996). The court must then stay the remainder of the proceedings pending arbitration if some of the parties' claims are subject to arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *McMahan Securities Co., L.P. v. Forum Capital Market*, 35 F.3d 82, 86 (2d Cir.1994); *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir.1987); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (court should hear only "issues relat-

ing to the making and performance of the agreement to arbitrate"). There is a strong public policy favoring arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

Here, the charter party, as reflected by the fixture recap, strongly suggests that the issue of whether the "subjects" to the charter party were satisfied is referable to arbitration. The fixture states that the "CP," or charter party, is the "Shell Time 4 TC, with mods to present terms as agreed," including "CP details, satisfactory inspection of the VSL at DD, release by owners from Camaro TC [and] . . . Titan BOD approval within 3 days following receipt of Denholm inspection report." (Pet'r Exh. 1.) The fixture recap thus by its terms incorporated the Shell Time 4 and the subjects at issue here, and accordingly, both became part of the agreement of September 26, 1995. *See* Opinion at 4 ("The Shell Time 4 Charter contain[s] an arbitration clause, providing for arbitration in London, at the election of either party."); *Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Services, Inc.*, 962 F.Supp. 385, 390 (S.D.N.Y. 1997) (where agreement "[o]n its face" incorporated second agreement containing arbitration clause, disputes under first agreement were covered by such clause).

■ The arbitration clause at issue, clause 41 of the Shell Time 4, is broad; it covers "[a]ny dispute arising under this charter." (Resp.Exh. 5 to Li Aff. ¶ 41(b), (c)(i)(a)(1)); *cf. Hamilton Life Ins. Co. of New York v. Republic Nat'l Life Ins. Co.*, 291 F.Supp. 225, 237 (S.D.N.Y.1968) ("Indeed, 'it would be hard to imagine an arbitration clause having greater scope than the one before us'"), *aff'd*, 408 F.2d 606 (2d Cir.1969) (quoting *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 412 (2d Cir.1959), *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960)). Where an arbitration clause is broad enough to encompass the

---

5. The Court notes that Local Rule 6.3 notwithstanding, it may revise an interlocutory order "at any time before the entry of [a final judgment]" under Fed.R.Civ.P. 54(b) where " 'justice so demands.' " *DC Comics, Inc. v. Powers*, 482 F.Supp. 494, 496 (S.D.N.Y.1979).

disputed question, the court has no choice but to refer the controversy to arbitration in the agreed manner. *See PaineWebber*, 81 F.3d at 1200; *McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.*, 858 F.2d 825, 831 (2d Cir.1988); *National R.R. Passenger Corp. v. Boston & Maine Corp.*, 850 F.2d 756, 762 (D.C.Cir.1988); *see also Rochdale Village Inc. v. Public Serv. Employees Union Local No. 80*, 605 F.2d 1290, 1295 (2d Cir.1979) ("[i]f a court finds that the parties have agreed to submit to arbitration ... 'any and all disputes,' ... the court will have exhausted its function, except to order ... arbitration"); *Consolidated Rail Corp. v. Metropolitan Transp. Auth.*, No. 95 Civ. 2142, 1996 WL 137587, at *10 (S.D.N.Y. March 22, 1996) ("[i]f the arbitration clause at issue is broad (e.g., providing for arbitration of all disputes 'arising under' the contract), then courts must presume that it was the parties' intent to arbitrate duration and direct that issue to the arbitrators"). Accordingly, a factual dispute as to whether one of the stated conditions has been satisfied, and the effect of such failure, are issues for the arbitrators, not the Court. *Cf. Reliance Nat'l Ins.*, 962 F.Supp. at 389 (clause, "any dispute arising out of this Agreement," is " 'elastic enough to encompass' " dispute arising from related agreement that "[wa]s contingent upon" that agreement).

Indeed, it has been repeatedly held that even a dispute regarding the satisfaction of a condition precedent to a contract will be referred to arbitration if it may reasonably be said to come within the scope of an arbitration clause. *See, e.g., Capitol Vial, Inc. v. Weber Scientific*, 966 F.Supp. 1108, 1111 (M.D.Ala.1997) ("dispute over a condition precedent to a contract containing an arbitration clause that is broadly enough worded to encompass such a dispute should be arbitrated"); *Town Cove Jersey City Urban Renewal, Inc. v. Procida Constr. Corp.*, No. 96 Civ. 2551, 1996 WL 337293, at *1 (S.D.N.Y. June 19, 1996) ("[w]hether ... [a] condition precedent has been satisfied is a matter for the arbitrator to decide") (citing *Finkle and Ross v. A.G. Becker Paribas, Inc.*, 622 F.Supp. 1505, 1511 (S.D.N.Y.1985)); *Hamilton Life Ins.*, 291 F.Supp. at 237 (broad arbitration clause was severable and therefore covered respondent's defenses, including "failure to comply with conditions precedent").

## Conclusion

Respondent's motion is granted to the extent indicated in this Opinion. To any extent that our Opinion and Order of August 5, 1998 is inconsistent with this Opinion and Order, it is hereby withdrawn. The Clerk of the Court is directed to enter judgment in this case pursuant to Fed.R.Civ.P. 54 and 58, (1) denying respondent Guangzhou's motions to dismiss for lack of subject matter jurisdiction and (2) staying these proceedings pending arbitration. The parties are directed to arbitrate their disputes in London in accordance with the terms of the Shell Time 4 form, including whether any of the "subjects" or conditions to the September 26, 1995 charter party were unsatisfied and whether the parties were thereby excused from performance thereunder.

**SO ORDERED.**