Norman E. BENNETT, Jr., Plaintiff,

v.

WATSON WYATT & COMPANY,
Defendant.

No. 00 CIV. 491(SAS).

United States District Court,
S.D. New York.

May 18, 2001.

Joan Franklin Mosley, New York City, for Plaintiff.

Amber L. Kagan, Brian D. Buckstein, Morgan, Lewis & Bockius LLP, New York City, for Defendant.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

## I. INTRODUCTION

Plaintiff Norman E. Bennett, Jr. brings a combined motion for reconsideration, pursuant to Local Civil Rule 6.3, and for

relief from judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). Plaintiff asks this Court to reconsider its Opinion and Order dated March 14, 2001 which granted summary judgment to defendant.[1] For the following reasons, plaintiff's motion is denied.

## II. DISCUSSION

### A. Motion for Reconsideration

■ It is well established that a party seeking reconsideration pursuant to Local Civil Rule 6.3 [2] must demonstrate that the Court overlooked controlling decisions or factual matters that might have influenced its earlier decision. *See Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar.22, 2001) ("[T]o be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion."). A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

■ In determining whether a motion for reconsideration should be granted, Local Civil Rule 6.3 "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave*, 2001 WL 286771, at *1. "Whether to

1. *See Bennett v. Watson Wyatt & Co.*, No. 00 Civ. 491, 2001 WL 267001, at *12 (S.D.N.Y. Mar.14, 2001).

2. References to "Local Civil Rules" are, more specifically, references to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, effective April 15, 1997.

grant or deny a motion for reconsideration or reargument is in the 'sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion.'" *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100 (S.D.N.Y.1998) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)).

■ Here, the vast bulk of plaintiff's motion attempts to relitigate arguments already considered and rejected by this Court. Rather than pointing to factual matters or legal decisions the Court overlooked, plaintiff argues that the Court improperly weighed the facts, wrongly resolved conflicting facts in defendant's favor, and made impermissible credibility determinations. Such arguments are appropriate on appeal but not on a motion for reconsideration. Plaintiff's sole attempt to identify an overlooked factual matter concerns the timing of his protected activity. Plaintiff states that he complained to Jim Marple about not receiving a raise in 1997, prior to his March 1998 performance discussion with Betsy Ross. *See* Memorandum Supportive of Motion to Reconsider at 7. According to plaintiff, his complaint to Marple was a predicate for retaliation. *See id.* This argument is flawed for two reasons.

■ *First,* workplace complaints about unfair treatment do not constitute "protected activity" which "refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000). Therefore, complaints about remuneration cannot serve as the basis for a retaliation claim. *See Velasquez v. Goldwater Mem'l Hosp.*, 88 F.Supp.2d 257, 263 (S.D.N.Y.2000) (plaintiff's opposition must have been directed at conduct prohibited by Title VII) (citing *Galdieri–Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d

276, 292 (2d Cir.1998)). *Second,* the only adverse employment action in this case was plaintiff's failure to receive a raise in 1997. *See Bennett,* 2001 WL 267001, at *8 ("The only surviving adverse employment action is the denial of a raise in 1997."). This adverse employment action necessarily preceded plaintiff's discussion with Jim Marple as it was the denial of the raise that prompted the discussion in the first place. Accordingly, there can be no causal connection between the alleged protected activity and the adverse employment action. *See Cruz,* 202 F.3d at 566 ("To establish a prima facie case for retaliation, a plaintiff must demonstrate participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action.") (internal quotation marks and citation omitted). Plaintiff's retaliation claim is therefore untenable and his motion for reconsideration is dismissed.

## B. Relief From Judgment

■ The Second Circuit has stated that "Rule 60(b) is 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Dellefave,* 2001 WL 286771, at *2 (quoting *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986)). *See also Employers Mut. Cas. Co. v. Key Pharm.,* 75 F.3d 815, 824–25 (2d Cir.1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested."). As with a motion for reconsideration, the decision whether to grant a Rule 60(b) motion lies in the discretion of the district court and will not be reversed on appeal absent an abuse of discretion. *See Jones v. Trump,* 971 F.Supp. 783, 786 (S.D.N.Y. 1997).

Here, plaintiff fails to cite the subsection of Rule 60(b) under which he is moving. More importantly, he has failed to proffer any exceptional circumstances that could justify vacating the Opinion and Order. Rather, plaintiff is again attempting to revisit issues that were previously decided by this Court. Courts in this circuit have repeatedly dismissed Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process. *See, e.g., Competex, S.A. v. Labow,* 783 F.2d 333, 335 (2d Cir.1986) ("Rule 60(b) is not a substitute for appeal."); *Hernandez v. United States,* No. 99 Civ. 4303, 2000 WL 744148, at *1 (S.D.N.Y. June 8, 2000) (denying Rule 60(b) motion, noting that "[t]he vast bulk of [movant's] argument constitutes nothing more than a futile effort to have this Court revisit its Opinion"); *Batac Dev. Corp. v. B & R Consultants, Inc.,* No. 98 Civ. 721, 2000 WL 307400, at *3 (S.D.N.Y. Mar. 23, 2000) (holding that a party "may not ... use Rule 60(b) as a substitute for appeal or to relitigate matters already resolved by the court adversely to that party"). Therefore, plaintiff's Rule 60(b) motion is dismissed.

## III. CONCLUSION

For the reasons stated above, plaintiff's combined motion for reconsideration and relief from judgment pursuant to Rule 60(b) is denied. Plaintiff must pursue any rights he may have in the Court of Appeals.

SO ORDERED.