### UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff,

v.

### FROSTY BITES, INC., Defendant.

### Frosty Bites, Inc. and Nicholas Angus, Counter–Plaintiffs,

v.

### United States Fidelity And Guaranty Company, Counter–Defendant.

### No. 02 CIV. 1682(WCC).

United States District Court, S.D. New York.

Dec. 6, 2002.

---

6. Nor did Plaintiff seek clarification from Magistrate Peck with respect to this claim.

Pino & Associates, LLP (Joanna Roberto, Esq., Of Counsel), White Plains, NY, Law Office of Robert G. Oake, Jr. (Robert G. Oake, Jr., Esq., Of Counsel), Allen, TX, for Plaintiff.

Law Office of Rudolf O. Siegesmund (Rudolf O. Siegesmund, Esq., Of Counsel), Dallas, TX, for Defendant Frosty Bites, Inc.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Defendant Frosty Bites, Inc. ("FBI") moves pursuant to FED. R. CIV. P. 59(e) and 60(b) for reconsideration of this Court's November 1, 2002 Opinion and Order granting the motion of plaintiffs United States Fidelity and Guaranty Co. and others ("USF & G") for partial summary judgment determining that USF & G had no duty to defend or indemnify FBI for patent infringement. *U.S. Fid. and Guar. v. Frosty Bites, Inc.*, 232 F.Supp.2d 101 (S.D.N.Y.2002). For the reasons set forth below, the Court grants reconsideration in part of the November 1, 2002 Opinion and Order, and upon reconsideration, affirms the determination that USF & G has no duty to defend or indemnify FBI for patent infringement.

### DISCUSSION

#### I. Motion for Reconsideration Standard

A motion for reconsideration is governed by Local Rule 6.3 [1] and should be granted only where the moving party demonstrates that the court overlooked "con-

---

1. Local Rule 6.3 states, in relevant part:
   A notice of motion for reconsideration of reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

trolling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, MDL No. 1358, 2001 WL 1042051, at *1 (S.D.N.Y. Sept. 7, 2001) (quotation and citation omitted). In the Second Circuit, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments." *E. Armata Inc. v. David Lee's Produce Serv. Corp.*, No. 99 Civ.2042, 2001 WL 1287006, at *1 (S.D.N.Y. Oct. 24, 2001) (quotation omitted).

In our November 1, 2002 Opinion and Order, we held that USF & G had no duty to defend or indemnify FBI against the claim for patent infringement brought against it because: 1) general insurance policies do not cover patent infringement in New York; and 2) Nicholas Angus was not sued in his capacity as President of FBI, thereby precluding the argument that FBI was being vicariously sued for trademark infringement, which would trigger the duty to defend all claims, including patent infringement. In its motion for reconsideration, FBI argues, *inter alia*, that the Court failed to address the trade dress infringement allegations. After reviewing the motion, we conclude that while most of its arguments fail to state adequate grounds for reconsideration, FBI correctly points out that the Court did in fact fail to mention the trade dress infringement claim. However, because the trade dress infringement claim is similar to the trademark infringement claim, the November 1, 2002 Opinion and Order is affirmed.

## II. *Trade Dress Infringement*

■ FBI argues that because the Mosey defendants are sued for trademark infringement and trade dress infringement and because Mr. Angus, President of FBI, is included as a Mosey defendant, FBI is vicariously sued. Therefore, FBI urges, USF & G is obligated to defend FBI against the charges of trademark and trade dress infringement because they are covered under the advertising injury section of the general insurance policy. In addition, if any claim is covered under the policy, USF & G must defend all claims for which FBI is being sued, including the patent infringement claim.

The Court ruled that Mr. Angus was not sued in his capacity as President of FBI because of the clear layout of the Second Amended Complaint in addition to the fact that, with respect to the trademark infringement claim, there was no allegation, or even reason to believe, that FBI ever used any of the infringing marks, or that any allegedly unlawful actions taken by Mr. Angus were done on behalf or in furtherance of the interests of FBI. Although the Court did not address the trade dress infringement claim, the same logic applies to it. It is clear from the Second Amended Complaint that the Mosey defendants are sued for patent infringement, trademark infringement, and trade dress infringement. FBI, however, is sued only for patent infringement. Further, it is inconceivable that the plaintiffs in the underlying action amended the complaint for the second time, added FBI as a defendant in the patent infringement claim, clearly separated defendants into particular groups, and merely assumed that the Court would understand that FBI was also being sued for trademark and trade dress infringement through Mr. Angus. Rather, the deliberate grouping of defendants makes it clear that FBI is only sued for

patent infringement. Moreover, even if it was the plaintiffs' intention to sue FBI vicariously through Mr. Angus, there was no need to add FBI at all. Mr. Angus was already being sued for patent, trademark, and trade dress infringement. If that claim in fact applied vicariously to FBI, there would have been no logical reason to add FBI as a defendant. Clearly, therefore, FBI was added for the *sole* purpose of suing it for patent infringement. Equally clearly, Mr. Angus is not sued in his capacity as President of FBI. Because FBI is sued only for patent infringement, USF & G has no duty to defend or indemnify the claim against it.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration of this Court's November 1, 2002 Opinion and Order is granted and, upon reconsideration, the granting of plaintiff's motion for partial summary judgment on the patent infringement claim is affirmed.

SO ORDERED.