**Bennie GIBSON, Plaintiff,**

v.

**David WISE, Bernard Kerik, Commissioner of Corrections, Lorenzi, an Informant for NYPD, Commissioner, Department of Sanitation, Defendants.**

No. 01 CV 8382(SJ).

United States District Court,
E.D. New York.

Sept. 7, 2004.

Bennie Gibson, East Elmhurst, NY, Pro Se.

*MEMORANDUM AND ORDER*

JOHNSON, Senior District Judge.

On April 30, 2002, this Court dismissed Plaintiff Bennie Gibson's Complaints as frivolous and malicious pursuant to 28 U.S.C. § 1915A and barred Plaintiff from filing any future complaints, unless he demonstrated imminent danger of serious physical injury. The order dismissing Plaintiff's case was filed and entered by the clerk of the court that same day, April 30, 2002. On March 21, 2003, Plaintiff filed a motion for reconsideration of the Court's April 30, 2002 decision.[1] For the reasons stated herein, Plaintiff's motion is DENIED.

## DISCUSSION

### I. Local Civil Rule 6.3

Rule 6.3 of the Local Rules of the Eastern District of New York provides that a motion for reconsideration of a final judgment "shall be served within ten days after the docketing of the court's determination of the original motion" and shall set forth "the matters or controlling decisions which [the movant] believes the court has overlooked." Local Civ. R. 6.3 ("Rule 6.3"). Plaintiff's motion is therefore untimely. The Court's order dismissing Plaintiff's Complaints was docketed on April 30, 2002. Under Rule 6.3, Plaintiff was required to serve his motion for reconsideration on Defendants by May 10, 2002. Plaintiff's motion was filed on March 21, 2003. (*See* Docket Entry # 19.) Plaintiff's pro se status does not insulate him from complying with the relevant procedural rules. *See Leonard v. Lowe's Home Centers*, 00 Civ. 9585, 2002 WL 548745, at *4 (S.D.N.Y. April 15, 2002), 2002 U.S. Dist. Lexis 6249, at *4. Because Plaintiff filed the instant motion more than 10 days after the Order and Judgment were docketed, his motion for reconsideration under Local Rule 6.3 is dismissed.

### II. Federal Rule of Civil Procedure 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure states that "the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... [or] (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Rule 60(b) "allows extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) (citations omitted). A Rule 60(b) motion cannot serve as a substitute for an appeal. *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir.1986); *Bennett v. Watson Wyatt & Co.*, 156 F.Supp.2d 270, 273 (S.D.N.Y.2001). The burden of proof is on the party seeking the relief. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d at 370, 391 (2d Cir.2001).

"In order to vacate a judgment under Rule 60(b)(2), a movant must: (i) submit newly discovered evidence of facts existing at the time of the original judgment; (ii) show that the moving party was excusably ignorant of the facts at the time of the original judgment, despite using due diligence to learn about those facts; (iii) show that the newly discovered evidence is admissible and probably effective to change the result of the previous ruling; and (iv) show that the newly discovered evidence is

---

1. In his motion, Plaintiff requested an "evidentiary hearing" pursuant to Rule 60 of the Federal Rules of Civil Procedure. This Court will consider Plaintiff's motion under Rule 6.3 of the Local Rules of the Eastern District of New York and Rule 60(b) of the Federal Rules of Civil Procedure.

not merely cumulative or impeaching of evidence already offered." *Ross v. Global Bus. Sch., Inc.,* 99 Civ. 2826, 2002 WL 31433609, at \*1 (S.D.N.Y. Oct. 30, 2002), 2002 U.S. Dist. LEXIS 20941, at \*3–4.

Here, Plaintiff has not submitted any new evidence to support relief under Rule 60(b)(2), nor has he set forth any other reason justifying relief from the judgment under Rule 60(b)(6). The arguments Plaintiff sets forth in this motion are the same arguments he initially raised. *See Bennett,* 156 F.Supp.2d at 273 (denying a Rule 60(b)(2) motion because plaintiff only raised issues previously decided by the court).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.