**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Plaintiff,

v.

**FROSTY BITES, INC., Defendant.**

**Frosty Bites, Inc. and Nicholas Angus, Counter–Plaintiffs,**

v.

**United States Fidelity and Guaranty Company, Counter–Defendant.**

**No. 02 CIV. 1682(WCC).**

United States District Court,
S.D. New York.

Dec. 20, 2004.

Kenney, Shelton, Liptak & Nowak, LLP, (Judith Treger Shelton, Esq., Of Counsel), Buffalo, NY, for Plaintiff/Counter–Defendant.

Pino & Associates, LLP (Joanna Roberto, Esq., Of Counsel), White Plains, NY, for Defendant/Counter–Plaintiff Frosty

Bites, Inc. and Counter–Plaintiff Nicholas Angus.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff United States Fidelity and Guaranty Company ("USF & G") moves pursuant to FED. R. CIV. P. 59(e) and 60(b) and Local Rule 6.3 for reconsideration and amendment of this Court's July 16, 2004 Opinion and Order (the "7/16/04 Opinion") granting the motion of defendant and counter-plaintiff Nicholas Angus for partial summary judgment declaring that USF & G has a duty to defend or indemnify Angus against various intellectual property claims asserted against him in an action now pending in the United States District Court for the Northern District of Georgia (the "underlying action").[1] For the reasons set forth herein, we grant plaintiff's motion for reconsideration of the 7/16/04 Opinion, and upon reconsideration, hereby vacate the grant of partial summary judgment in favor of Angus insofar as it held that USF & G has a duty to defend or indemnify Angus for the intellectual property claims asserted against him in the underlying action. We also grant USF & G's motion for partial summary judgment and hold USF & G does not have a duty to defend or indemnify Angus in connection with the Second Amended Complaint of the underlying action.

### BACKGROUND

Unless otherwise noted, the following facts and procedural history are undisput-

---

1. *Dippin' Dots, Inc. and Curt D. Jones v. Thomas R. Mosey, Nicholas Angus, Dots of Fun, Ltd., Int'l Laser Expressions ("ILE"), et al.,* Civ. A. No. 3:96–CV–1959–X (N.D.Ga.). The underlying action was commenced in the United States District Court for the Northern District of Texas, and was transferred to the Northern District of Georgia pursuant to an order issued by the Judicial Panel on Multidistrict Litigation consolidating it for discovery with related cases as MDL 1377. (Decl. J. Complt. ¶¶ 27–28; 2d Am. Answer ¶ 21.)

ed. Frosty Bites, Inc. ("FBI") is a business that was incorporated on January 11, 2000, to manufacture a cryogenically frozen ice cream product consisting of a free-flowing mixture of beads and irregularly shaped particles. (Pl. Mem. Supp. Mot. Recons., Ex. G at 2.) Angus was president and chief executive officer of FBI from January 11, 2000 until approximately February 26, 2003. (*Id.*) USF & G issued to FBI a commercial general liability insurance policy, No. BFS00000576041 (the "Policy"), effective from March 3, 2000 until March 3, 2001. (*Id.*) The Policy also covered FBI's "executive officers" and directors, and provided in relevant part that: "Your 'executive officers' and directors are insureds, *but only with respect to their duties as your officers or directors.* Your stockholders are also insureds, but only with respect to their liability as shareholders." (*Id.*) It is uncontested that Angus, as FBI's president during the term of the Policy, qualifies as a covered director or officer. (*Id.*)

The underlying action was brought by Dippin' Dots, Inc. ("Dippin' Dots") and Curt D. Jones against numerous individual and corporate defendants, including Angus and FBI, for patent and trademark infringement in the manufacture and sale of free-flowing beaded ice cream. (Pl. Mem. Supp. Mot. Recons., Ex. A ¶¶ 1–6.) In the Second Amended Complaint in the underlying action (the "underlying complaint"), Dippin' Dots included Angus with a group of defendants referred to as the "Mosey defendants" and also described him individually as the "Vice President of Dots of Fun and International Laser Expressions,

Inc., managing director, owner and controller of Dots of Fun, Ltd., and President of Frosty Bites, Inc." (*Id.* ¶ 4.) Dippin' Dots alleged that the Mosey defendants committed patent infringement, trademark infringement, false designation of origin and violations of relevant state common and statutory law. (*Id.* ¶¶ 17–50.) FBI was, however, accused only of patent infringement. (*Id.* ¶¶ 25–30.) The allegedly infringing products were marketed and sold beginning in April 1996; the pleading alleges no concluding date. (*Id.* ¶ 12.) FBI tendered the underlying complaint to USF & G for defense and indemnification.[2] In May 2001, USF & G sent FBI a letter disclaiming coverage and denying any duty to defend or indemnify either FBI or Angus. (Pl. Mem. Supp. Mot. Recons., Ex. G at 3.)

In June 2001, USF & G brought this declaratory judgment action against FBI in New York Supreme Court, Westchester County, seeking a declaratory judgment stating that: (1) USF & G is entitled to rescission of the insurance Policy based on material misrepresentations and failure to disclose facts material to USF & G's assessment of the underwriting risk; (2) coverage has been vitiated by FBI's failure to provide USF & G with timely notice of the claims against it; and (3) USF & G is not obligated to defend or indemnify FBI in the underlying action. Thereafter, the parties stipulated to the discontinuance of the action with prejudice as to other Frosty Bites entities that USF & G had named as defendants,[3] and FBI removed the declaratory judgment action to this Court in March 2002. (*Id.*)

**2.** We note that the exact date of tender and notification of claims is in dispute, but is not relevant for our disposition of this motion.

**3.** USF & G had also named Frosty Bites Distribution, L.L.C. and Frosty Bites Distributors of Georgia, Inc. as defendants and sought similar relief with respect to them.

Subsequently, USF & G moved for partial summary judgment and on November 1, 2002, this Court entered an Opinion and Order,[4] which was summarily affirmed by the Second Circuit, declaring that USF & G has no duty to defend or indemnify FBI against the patent infringement claim because: (1) it was not an "advertisement injury" covered by the Policy; and (2) there was no duty to defend or indemnify FBI arising out of the other claims because those claims were not asserted against FBI. *U.S. Fid. & Guar. Co. v. Frosty Bites, Inc.*, 232 F.Supp.2d 101, 106 (S.D.N.Y.2002) (Conner, J.), *aff'd without opinion*, 80 Fed.Appx. 152, 2003 WL 22697265 (2d Cir.2003) (hereinafter *"Frosty Bites I"*). While that motion was pending before this Court, Angus intervened in the declaratory judgment action and also asserted a counterclaim alleging that USF & G had breached the insurance contract by declining its duty to defend or indemnify FBI and himself in the underlying action. (Pl. Mem. Supp. Mot. Recons., Ex. G at 4.) Thereafter, USF & G and Angus both filed motions for summary judgment before this Court on the issue of whether USF & G has a duty to defend or indemnify Angus against trademark, trade dress and patent infringement claims asserted against him in the underlying action. In its 7/16/04 Opinion this Court ruled that USF & G has a duty to defend or indemnify Angus against those claims. In its present motion, USF & G seeks reconsideration and amendment of that ruling.

## DISCUSSION

### I. *Motion for Reconsideration*

A motion for reconsideration is governed by Local Rule 6.3[5] and should be granted only where the moving party demonstrates that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, MDL No. 1358, 2001 WL 1042051, at *1 (S.D.N.Y. Sept. 7, 2001) (quotation and citation omitted). Whether to grant or deny a motion for reconsideration lies within "the sound discretion of a district court judge." *Bennett v. Watson Wyatt & Co.*, 156 F.Supp.2d 270, 271–72 (S.D.N.Y.2001) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)). In the Second Circuit, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."). Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments." *E. Armata Inc. v. David Lee's Produce Serv. Corp.*, No. 99 Civ.2042, 2001 WL 1287006, at *1 (S.D.N.Y. Oct. 24, 2001) (quotations omitted). However, a court may grant a

---

4. After this Court issued the November 2, 2002 Opinion and Order, FBI moved for reconsideration. We granted that motion, but ultimately adhered to our original ruling. *U.S. Fid. & Guar. Co. v. Frosty Bites, Inc.*, 235 F.Supp.2d 295, 298 (S.D.N.Y.2002) (Conner, J.).

5. Local Rule 6.3 states, in relevant part:

A notice of motion for reconsideration of reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

motion for reconsideration "to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Seippel v. Jenkens & Gilchrist, P.C.,* No. 03 Civ. 6942, 2004 WL 2403911, at *1 (S.D.N.Y. Oct. 26, 2004); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,* 182 F.R.D. 97, 100 (S.D.N.Y.1998) (Conner, J.), *aff'd,* 241 F.3d 135 (2d Cir.2001) ("Local Civil Rule 6.3 provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice.").

In our 7/16/04 Opinion, we held that USF & G has a duty to defend or indemnify Angus in the underlying suit based on claims of patent, trademark and trade dress infringement "[g]iven the broad nature of the duty to defend." In that Opinion we explained that whether USF & G is obligated to defend Angus does not necessarily depend on his legal capacity as stated in the underlying complaint because the facts in that pleading nevertheless indicate the potential for liability arising out of his FBI duties. Because we were unable to conclude that the underlying complaint named "Angus *only* in his individual capacity and does not refer to actions that are outside the scope of his covered duties as an FBI officer," and the law acknowledges that an insurer has a broad duty to defend its insured, we held that USF & G has a duty to defend based on a liberal construction of the underlying complaint. *See U.S. Fid. & Guar. Co. v. Frosty Bites, Inc.,* 325 F.Supp.2d 390, 396 (S.D.N.Y.2004) (Conner, J.) (hereinafter *"Frosty Bites II"*).

■ In its motion for reconsideration, USF & G argues, *inter alia,* that the Court "overlooked the controlling nature of the Second Circuit's affirmance of the Court's determination that 'Mr. Angus is not sued in his capacity as President of FBI.'" (Pl. Mem. Supp Mot. Recons. at 4.) USF & G contends that this Court's 7/16/04 Opinion is "irreconcilable with *Frosty Bites I,*" and because *Frosty Bites I* was affirmed on appeal by the Second Circuit Court, the findings and rules in *Frosty Bites I* are "binding on the Court and are entitled to preclusive effect." (*Id.* at 3.)

We recognize the merit in the argument and conclude that our 7/16/04 Opinion was based on clear error which, if uncorrected, could result in manifest injustice. Consequently, we grant USF & G's motion for reconsideration and will now reconsider whether USF & G has a duty to defend or indemnify Angus in the underlying action.

## II. Duty to Defend or Indemnify in the Underlying Action

■ An insurer has a broad duty to defend an insured " '[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased.' " *Fitzpatrick v. Am. Honda Motor Co.,* 78 N.Y.2d 61, 66, 575 N.E.2d 90, 571 N.Y.S.2d 672 (1991) (quoting *Technicon Elecs. Corp. v. Am. Home Assur. Co.,* 74 N.Y.2d 66, 73, 542 N.E.2d 1048, 544 N.Y.S.2d 531 (1989)). However, this principle is not applicable to the case at bar because in the underlying action there is no apparent potential claim against Angus which comes within the coverage of the Policy. We were mistaken in believing that the allegations of the underlying complaint indicate the potential for Angus's liability arising out of his duties as president of FBI. In fact, those allegations tend toward the opposite conclusion. The record supports the inference that Angus's potential liability for trademark and trade dress infringement arises only in connection with his duties as director or officer of the other defendant corporations, namely

Dots of Fun, International Laser Expressions, Inc. and Dots of Fun, Ltd.

The Policy covers Angus only in his capacity as an officer of FBI. The Policy explicitly states that officers and directors are covered by the insurer "only with respect to their duties" as officers or directors of the insured, FBI. The only cause of action alleged against FBI in the underlying complaint is for patent infringement, a claim which is not covered by the Policy. *See generally Frosty Bites I,* 232 F.Supp.2d 101. Although the underlying complaint names Angus as a defendant in several causes of action based on trademark infringement ·and trade dress infringement, there is no allegation that Angus engaged in any of such infringing activities in his capacity as an officer of FBI. Indeed, the complaint has carefully distinguished between FBI and the other defendants, with FBI being sued only for patent infringement and Angus, grouped with the Mosey defendants, being sued for trademark infringement, trade dress infringement and patent infringement. The claims of trademark and trade dress infringement alleged against the Mosey defendants, including Angus, are based on their use of infringing marks. As this Court previously observed, FBI "has apparently never used any of those marks or any other mark which could be plausibly charged with confusing similarity to the marks" of the plaintiff in the underlying action. *Id.* at 106. Therefore, there are no allegations that suggest potential liability on the part of Angus arising out of his FBI duties.

Consequently, despite its broad duty to defend, USF & G does not have a duty to defend or indemnify Angus against any claims which have been made against him or which appear likely, based on the record before us. Accordingly, we vacate the 7/16/04 Opinion granting partial summary

judgment in favor of Angus. We grant partial summary judgment in favor of USF & G and rule that USF & G does not have a duty to defend or indemnify Angus in the underlying action.

### III. *Certification for Appeal*

In its motion for reconsideration, USF & G has further moved, pursuant to FED. R. CIV. P. 54(b), for the entry of partial final judgment as to the decision of the present motion so that either party may file an immediate appeal of this Court's order.

The decision whether to grant a Rule 54(b) certification is committed to the discretion of the district court. *See Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir.1991). The court must, however, take into account the " 'historic federal policy against piecemeal appeals' " and use its power under Rule 54(b) sparingly. *See id.* (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). The court should grant Rule 54(b) certification only if "there are interest[s] of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* (internal quotations and citations omitted).

USF & G requests that this Court issue an order directing entry of this decision as a partial final judgment pursuant to FED. R. CIV. P. 54(b) irrespective of which way the Court rules on its motion for reconsideration. (Pl. Mem. Supp. Mot. Recons. at 21.) According to USF & G, "the entry of judgment pursuant to Fed.R.Civ.P. [sic] 54(b) could inure to the immediate benefit of either USF & G or Angus, and help to avoid a significant detriment to either party." (*Id.*) USF & G argues that an imme-

diate appeal would require little new briefing and would be the most cost-effective outcome for all parties. (Pl. Reply Mem. Supp. Mot. Recons. at 8–9.)

Angus, however, contends that the Court should not certify the issue for appeal because "[t]o certify another interlocutory appeal would serve only to increase Angus's costs and expenses in this litigation and to unreasonably delay this case." (Def. Mem. Opp. Mot. Recons. at 12.) Angus's argument was obviously made in anticipation that the Court either would deny reconsideration or would, on reconsideration, reaffirm its original ruling that USF & G had the duty to defend Angus in the underlying action. If the Court vacates that ruling and leaves Angus with the burden of defending himself, Angus can only benefit from having the option of immediate appeal.

 As we determined in *Frosty Bites I*, there is no just reason for delay in entering a final judgment in this case. If this Court's present ruling stands, with or without appeal, this action is over, because the remaining issues (rescission based on misrepresentation and unenforceability based on failure to provide timely notice of the claims) will be moot; thus, a partial final judgment under Rule 54(b) will promote judicial efficiency. Failure to enter such judgment would likely result in the unnecessary trial in this Court of issues which are mooted by the present ruling. It is difficult to imagine more appropriate circumstances or more compelling reasons for the entry of a partial final judgment under Rule 54(b).

### CONCLUSION

For the reasons stated herein, plaintiff United States Fidelity and Guaranty Company's ("USF & G") motion for reconsideration of this Court's July 16, 2004 Opinion and Order is granted. The July 16, 2004 Opinion and Order is vacated insofar as it grants partial summary judgment to Angus and rules that USF & G has a duty to defend or indemnify Angus for the various intellectual property claims asserted against him in the underlying action. USF & G's motion for partial summary judgment is granted and this Court rules that USF & G does not have a duty to defend or indemnify Angus in connection with the claims asserted in the Second Amended Complaint in the action pending in the United States District Court for the Northern District of Georgia.

Further, this Court directs the Clerk of the Court to enter a partial final judgment pursuant to Fed. R. Civ. P. 54(b) effectuating this Opinion and Order.

SO ORDERED.